[No. 57570-3. En Banc. September 12, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. LARRY DEWEESE, *Appellant.*

*Perry E. Buck* and *Mozena & Perry,* for appellant.

*Arthur D. Curtis, Prosecuting Attorney,* and *Mark E. Beam, Deputy,* for respondent.

GUY, J. — Larry DeWeese challenges his conviction on three counts of forcible rape, contending he did not knowingly, voluntarily, and intelligently waive his right to counsel. He further contends his removal from the courtroom during his trial denied him a fair trial. The Court of Appeals certified the appeal to this court, and we accepted review. We affirm the convictions.

## FACTS

In April 1989, Larry DeWeese was convicted by a jury of one count of first degree rape and two counts of second degree rape. During preparation for trial, conflicts developed between Mr. DeWeese and his first court-appointed counsel, Paul Bruce. Judge Johnson allowed Mr. Bruce to withdraw as counsel. While Mr. Bruce was not able to advise Judge Johnson of all of the ethical conflicts existing between himself and Mr. DeWeese (he stated there were at least five) as some might prejudice his client, Mr. Bruce did explain that a significant problem was Mr. DeWeese's consistent refusal to follow the professional advice of counsel. After Mr. Bruce's withdrawal, a second attorney, Mark Baum, was appointed by Judge Johnson to represent Mr. DeWeese. Judge Johnson recused herself at the defendant's request.

Mr. DeWeese had disagreements with the second court-appointed counsel and discharged him before trial. Mr. Baum was subsequently reinstated and assisted in pretrial preparation after the court continued the trial date from January 23 to March 20, 1989. Prior to trial, Mr. DeWeese again discharged attorney Mark Baum. On March 9, 1989, Judge Lodge heard Mr. DeWeese's request for appointment of a third attorney to replace Mr. Baum.

Judge Lodge refused this request and allowed Mr. DeWeese the option of either being represented by Mr. Baum or representing himself. Judge Lodge also advised Mr. DeWeese of the crimes with which he was charged and their possible sentences, including possible enhance-

ment. The judge advised Mr. DeWeese of possible defenses and warned him that he would receive no lenient treatment in court because of self-representation. The record reflects Judge Lodge engaged in a lengthy and involved discussion with Mr. DeWeese regarding the disadvantages, consequences, and details of pro se representation. Judge Lodge advised Mr. DeWeese against opting for self-representation rather than remaining with Mr. Baum as appointed counsel. Mr. DeWeese chose to represent himself.

Mr. DeWeese conducted his own defense without incident on the first day of trial. On the second day of trial, Judge Lodge appointed Mr. Baum as standby or consulting counsel at the defendant's initiative. Mr. DeWeese consulted Mr. Baum; however, Mr. DeWeese conducted his own defense. During this second day of trial, Mr. DeWeese cross-examined two of the three women he was alleged to have forcibly raped. On the third day of trial, Mr. DeWeese's courtroom behavior degenerated into a series of disruptions of the State's case. Later, Mr. DeWeese discharged attorney Mark Baum from any further participation, and Judge Lodge excused Mr. Baum from the courtroom. Mr. DeWeese's disruptive outbursts included a statement that the alleged victim witnesses were prostitutes (this after the State's motion in limine had been granted, prohibiting references to the background of the complaining witnesses), and other repeated interruptions of direct examination.

In response, the court placed Mr. DeWeese in a bailiff's office with a television monitor from which Mr. DeWeese could follow proceedings. When invited to do so, Mr. DeWeese declined to return to court to cross-examine the witnesses. By court instruction, Mr. DeWeese was returned to court for identification by one of the rape victims, who had earlier failed to identify the defendant from a photo montage. The record/videotape reveals Mr. DeWeese was unobtrusively placed in the court's public

seating area in a row alongside other persons and then was identified by this complaining witness.

Prior to this identification, the court advised Mr. DeWeese outside the presence of the jury of the consequences of his continued refusal to return to the courtroom. Mr. DeWeese insisted on his need for representation by a new attorney. He refused to participate in the rest of his trial until his demand for counsel was met, despite repeated invitations to return by the trial judge. Mr. DeWeese requested to be returned to jail. While in jail, he threatened to physically resist any attempts to bring him back to the courtroom. After the State rested, Judge Lodge advised Mr. DeWeese of the opportunity to present his case and call witnesses. Mr. DeWeese responded that he would not proceed without new counsel. Mr. DeWeese walked away from the bench as Judge Lodge was advising him that if he did not present a case, the next step would be closing arguments. Mr. DeWeese did not present any evidence or closing argument in his defense and was convicted on three counts of rape.

Mr. DeWeese appealed his conviction to the Court of Appeals, which certified the matter for review by this court.

## ISSUES

FIRST: Whether the trial court denied the defendant the constitutional right of legal representation by refusing to appoint a third attorney and thereby giving the defendant the option of proceeding to trial with court-appointed counsel or appearing pro se?

SECOND: Whether the trial court erred in removing Mr. DeWeese from the courtroom and continuing trial in his absence?

The trial court acted within its discretion as to both issues, and we affirm Mr. DeWeese's convictions.

ANALYSIS

## Waiver of Counsel

■ ■ The United States Supreme Court recognizes a constitutional right of criminal defendants to waive assistance of counsel and to represent themselves at trial. In *Faretta v. California*, 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525 (1975), the rule was announced that a court cannot force a defendant to accept counsel if the defendant wants to conduct his or her own defense, as the Sixth Amendment grants defendants the right to make a personal defense with or without the assistance of an attorney. The rationale for this rule is respect for the defendant's individual autonomy. *See generally McKaskle v. Wiggins*, 465 U.S. 168, 198 n.6, 79 L. Ed. 2d 122, 104 S. Ct. 944 (1984) (White, J., dissenting) (citing *Chapman v. United States*, 553 F.2d 886, 891 (5th Cir. 1977)). The right to representation by counsel of choice is, however, limited in the interest of both fairness and efficient judicial administration. *United States v. Wheat*, 486 U.S. 153, 159, 100 L. Ed. 2d 140, 108 S. Ct. 1692 (1988). Mr. DeWeese contends he was denied a fair trial because of a lack of representation by counsel. He argues the trial court failed to determine whether he knowingly, voluntarily, and intelligently waived his right to representation before he was allowed to proceed pro se. Specifically, Mr. DeWeese submits the trial judge did not adequately examine him to ascertain he was competent, could make a valid waiver of counsel, and understood his rights. Mr. DeWeese contends he was equivocal about his desire to proceed without counsel both before and during trial.

This case involves both the limits which must exist on the indigent defendant's choice of appointed counsel and the necessary consequences which adhere to a defendant's right of self-representation.

■ The Supreme Court's holding that a criminal defendant has a right under the Sixth Amendment to

represent himself if he chooses does not encompass a right to choose any advocate if the defendant wishes representation. *Wheat*, 486 U.S. at 159 n.3. Whether an indigent defendant's dissatisfaction with his court-appointed counsel is meritorious and justifies the appointment of new counsel is a matter within the discretion of the trial court. *State v. Sinclair*, 46 Wn. App. 433, 730 P.2d 742 (1986), *review denied*, 108 Wn.2d 1006 (1987). When an indigent defendant fails to provide the court with legitimate reasons for the assignment of substitute counsel, the court may require the defendant to either continue with current appointed counsel or to represent himself. *Sinclair*, at 437-38. If the defendant chooses not to continue with appointed counsel, requiring such a defendant to proceed pro se does not violate the defendant's constitutional right to be represented by counsel, and may represent a valid waiver of that right. *State v. Staten*, 60 Wn. App. 163, 802 P.2d 1384 (1991). In *Staten*, the Court of Appeals rejected the defendant's contention that the trial court's denial of his motion to substitute counsel caused him to proceed pro se involuntarily. The Court of Appeals held that a criminal defendant's unsubstantiated allegation that any public defender would be too overworked to prepare an adequate defense properly was not sufficient justification for the appointment of substitute counsel. *Staten*, at 169-70.

We observe a tension between a defendant's autonomous right to choose to proceed without counsel and a defendant's right to adequate representation. To protect defendants from making capricious waivers of counsel, and to protect trial courts from manipulative vacillations by defendants regarding representation, we require a defendant's request to proceed *in propria persona*, or pro se, to be unequivocal. Once an unequivocal waiver of counsel has been made, the defendant may not later demand the assistance of counsel as a matter of right since reappointment is wholly within the discretion of the

trial court. The rationale for such a policy has been stated by other courts:

> The requirement that a request to proceed pro se be stated unequivocally derives from the fact that there is a conflict between a defendant's rights to counsel and to self-representation. Because of this conflict, a defendant's request for self-representation can be a "heads I win, tails you lose" proposition for a trial court. *People v. Sharp*, 7 Cal. 3d 448, 462 n.12, 499 P.2d 489, 103 Cal. Rptr. 233, 242 (1972), *cert. denied*, 410 U.S. 944 (1973). If the court too readily accedes to the request, an appellate court may reverse, finding an ineffective waiver of the right to counsel. But if the trial court rejects the request, it runs the risk of depriving the defendant of his right to self-representation. *People v. Sharp*, *supra*. To limit baseless challenges on appeal, courts have required that a defendant's request to proceed pro se be stated unequivocally.

(Footnote omitted.) *State v. Imus*, 37 Wn. App. 170, 179-80, 679 P.2d 376, *review denied*, 101 Wn.2d 1016 (1984).

Thus, a trial court must establish that a defendant, in choosing to proceed pro se, makes a knowing and intelligent waiver of the right to counsel. *State v. Bebb*, 108 Wn.2d 515, 525, 740 P.2d 829 (1987). We hold this requirement extends to a defendant's choice to represent himself rather than remain with current appointed counsel after the court has rejected an unjustified request for substitute counsel. The defendant's request to proceed pro se must be stated unequivocally. *Imus*, at 180. The *Faretta* right to self-representation is not absolute, and the defendant's motion to proceed pro se must be made in a timely fashion, or the right is relinquished and the matter of the defendant's representation is left to the discretion of the trial judge. *Bebb*, at 524. We hold Mr. DeWeese made a timely and valid request to proceed pro se.

We note a defendant's desire not to be represented by a particular court-appointed counsel does not by itself constitute an unequivocal request by the defendant for self-representation. *State v. Garcia*, 92 Wn.2d 647, 655, 600 P.2d 1010 (1979). The requirements of a knowing and valid waiver must be met. *Bellevue v. Acrey*, 103 Wn.2d

203, 691 P.2d 957 (1984). The court should ascertain that the defendant makes the *Faretta* waiver with at least a minimal knowledge of the task involved. *Acrey*, at 210. A colloquy on the record is the preferred method; but in the absence of a colloquy, the record must reflect that the defendant understood the seriousness of the charge, the possible maximum penalty involved, and the existence of technical procedural rules governing the presentation of his defense. *Acrey*, at 211. Whether the criminal defendant's waiver of the constitutional right to be represented by counsel at trial is valid depends on the facts and circumstances of each case, and there is no checklist of the particular legal risks and disadvantages attendant to waiver which must be recited to the defendant. *Imus*, at 173-74.

██ The record shows Mr. DeWeese's refusal to accept the professional advice of his first court-appointed counsel led to ethical problems for his attorney, which eventually led to his withdrawal from the case. The trial judge refused Mr. DeWeese's request for a third appointment of counsel, noting for the record that Mr. DeWeese could state no real deficiency in his current representation or valid justification for being allowed yet another attorney. The court properly posed the option to Mr. DeWeese that he would either have to remain with his current attorney or proceed pro se. The court entered a lengthy colloquy with Mr. DeWeese on the disadvantages of self-representation and advised Mr. DeWeese on the consequences of the waiver of counsel. Mr. DeWeese's remarks that he had no choice but to represent himself rather than remain with appointed counsel, and his claims on the record that he was forced to represent himself at trial, do not amount to equivocation or taint the validity of his *Faretta* waiver. These disingenuous complaints in Mr. DeWeese's case mischaracterize the fact that Mr. DeWeese did have a choice, and he chose to reject the assistance of an experienced defense attorney who had been appointed. As we have previously noted, a defendant's right to counsel of

choice is limited in the interest of both fairness and efficient judicial administration. *United States v. Wheat*, 486 U.S. at 159. Mr. DeWeese failed to cooperate with his second appointed attorney who was employed as standby counsel, and the judge properly allowed Mr. Baum to withdraw as standby counsel. We further note there is no absolute right of the pro se defendant to standby counsel. *Locks v. Sumner*, 703 F.2d 403, 407 (9th Cir. 1983). Moreover, there is no Sixth Amendment right to "hybrid representation" through which defendants may serve as cocounsel with their attorneys. *Bebb*, at 524.

Mr. DeWeese's renewed demand that the court appoint him a third attorney during trial was properly denied for the same reason as before trial. What the defendant cannot obtain because of a lack of a valid reason, that defendant should not be able to obtain through disruption of trial or a refusal to participate. A defendant may not manipulate the right to counsel for the purpose of delaying and disrupting trial. *State v. Johnson*, 33 Wn. App. 15, 651 P.2d 247 (1982), *review denied*, 99 Wn.2d 1001 (1983).

We hold that after a valid denial of a defendant's request for appointment of substitute counsel, the trial court may require the defendant to choose between remaining with current counsel or proceeding pro se. After a defendant's valid *Faretta* waiver of counsel under these circumstances, the trial court is not obliged to appoint, or reappoint, counsel on the demand of the defendant. The matter is wholly within the trial court's discretion. Self-representation is a grave undertaking, one not to be encouraged. Its consequences, which often work to the defendant's detriment, must nevertheless be borne by the defendant. When a criminal defendant chooses to represent himself and waive the assistance of counsel, the defendant is not entitled to special consideration and the inadequacy of the defense cannot provide a basis for a new trial or an appeal. *State v. Hoff*, 31 Wn. App. 809, 644 P.2d 763, *review denied*, 97 Wn.2d 1031 (1982).

## Disruption and Removal of Defendant
## From Courtroom

Mr. DeWeese alleges that the trial court denied him a fair trial in removing him from the courtroom on the third day of trial.

■ The record shows Mr. DeWeese's removal from the courtroom followed a series of outbursts in which Mr. DeWeese interrupted the State's direct examination of witnesses and made prejudicial remarks in the presence of the jury regarding excluded evidence and his allegedly being forced to represent himself at trial without counsel. Prior to his removal, Mr. DeWeese was repeatedly warned that unless he controlled his behavior the court would be compelled to take action. Mr. DeWeese's initial removal from the courtroom was within the trial judge's discretion to maintain an orderly and fair proceeding. After that point, his continued absence was voluntary.

The trial court acted properly in excluding Mr. DeWeese and maintaining an orderly trial and proceeded within the United States Supreme Court declaration that:

> It is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country. The flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated. We believe trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case. No one formula for maintaining the appropriate courtroom atmosphere will be best in all situations. We think there are at least three constitutionally permissible ways for a trial judge to handle an obstreperous defendant . . . (1) bind and gag him, thereby keeping him present; (2) cite him for contempt; (3) take him out of the courtroom until he promises to conduct himself properly.

*Illinois v. Allen*, 397 U.S. 337, 343-44, 25 L. Ed. 2d 353, 90 S. Ct. 1057 (1970). The manner of maintaining order in the courtroom is within the trial judge's discretion; the least severe remedy to accomplish the result is preferable. *Burgess v. Towne*, 13 Wn. App. 954, 960, 538 P.2d 559 (1975). Furthermore, CrR 3.4(a) states in pertinent part:

> The defendant shall be present at . . . every stage of the trial . . . *except* as otherwise provided by these rules, or *as excused or excluded by the court for good cause shown.*

(Italics ours.) The defendant was offered the opportunity to remain in court if he could adhere to the rules and cease his interruptions and disruptions intended to prejudice the jury. Mr. DeWeese did not take advantage of this opportunity. Once removed, the court placed Mr. DeWeese in a room with a video monitor which allowed him to follow the case so that he would be able to return to court to conduct cross examination of prosecution witnesses. Mr. DeWeese's absence from the remainder of proceedings after his removal the third day was entirely voluntary. CrR 3.4(b) states in pertinent part:

> In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has commenced in his presence shall not prevent continuing the trial to and including the return of the verdict.

Mr. DeWeese did not take advantage of his opportunity as a pro se defendant to present his own defense after the State rested, and he did not accept the court's invitation to him to present a closing argument.

We hold the defendant's right to be present at trial is not an absolute right. It is subject to either the defendant voluntarily absenting himself from proceedings or the removal of the defendant from the courtroom due to disruptive behavior. Such removal is within the discretion of the trial court. The defendant in this case received a fair trial.

### CONCLUSION

The record on review supports the conclusion that the trial court properly denied the defendant's request for a third court-appointed attorney. The defendant made a valid, knowing, intelligent, and voluntary waiver of his right to counsel. His subsequent discharge of standby counsel did not represent an equivocation regarding his waiver or a revocation of waiver. The defendant's sub-

382

sequent demands for new counsel were validly denied for the same reason as before trial. The right to waive counsel does not include a right to be immune from the consequences of self-representation. The removal of Mr. De-Weese from the courtroom was within the trial court's discretion in maintaining fair and orderly proceedings. There is no place in the courtroom for obnoxious or obstructionist behavior.

Affirmed.

DORE, C.J., and UTTER, BRACHTENBACH, DOLLIVER, ANDERSEN, DURHAM, SMITH, and JOHNSON, JJ., concur.