**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 37333 & 37334**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2011 Unpublished Opinion No. 319** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: January 13, 2011** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DUSTIN JOHN HARRIS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Appeal from judgment of conviction and sentences for misdemeanor driving without privileges and transporting an open container, <u>dismissed</u>; judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for felony driving under the influence, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

In Docket No. 37333, Dustin John Harris was found guilty of misdemeanor driving without privileges, I.C. § 18-8001(5), and transporting an open container, I.C. § 23-505. Harris was sentenced to concurrent terms of sixty days, to also run concurrent with his sentence in Docket No. 37334. Harris acknowledges in his appellant's brief that all issues in this case are moot as his sentences have already been served. A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt,* 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d

1

986, 989 (1991).  Harris seeks no relief on appeal and apparently the only issues he wished to raise in this appeal are moot.

In Docket No. 37334, Harris was also found guilty of felony driving under the influence. I.C. §§ 18-8004, 18-8005(7).  The district court sentenced Harris to a unified term of ten years, with a minimum period of confinement of three years.  Harris filed an I.C.R 35 motion, which the district court denied.  Harris appeals.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Harris's Rule 35 motion.  A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court.  *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).  In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion.  *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).  In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence.  *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73.  Upon review of the record, we conclude no abuse of discretion has been shown.

Accordingly, Harris's appeal in Docket No. 37333 from his judgment of conviction and sentences for misdemeanor driving without privileges and transporting an open container are dismissed as moot.  Additionally, in Docket No. 37334, Harris's judgment of conviction and sentence, and the district court's order denying Harris's Rule 35 motion, are affirmed.