2015 JUN -8 AM 9: 42



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                     )    DIVISION ONE
          Respondent, )
                     )    No. 71409-1-I
     v.                  )
                     )    UNPUBLISHED OPINION
YASIN ALI MOHAMED, )
                     )
          Appellant. )    FILED: June 8, 2015
_____ )

DWYER, J. — Following a jury trial, Yasin Mohamed was convicted of violating an order of protection. Mohamed raises two claims on appeal. First, he contends that recordings of several telephone calls he made while in jail were improperly admitted at trial. Second, he contends that his right to counsel was violated when he chose to represent himself at sentencing. Finding no error, we affirm.

I

The State charged Mohamed with violating an order of protection after he visited his cousin, Fahmo Ali, at her apartment.[1] At the time of Mohamed's visit,

_____

[1] Although Ali was repeatedly referred to as Mohamed's sister during trial, she indicated in the 911 call that Mohamed was her cousin, and a Somali interpreter testified that it was common in Somali culture to refer to a peer as "sister" or "brother" regardless of any blood relationship.

a valid protection order was in effect that prohibited him from contacting Ali and excluded him from her residence.

Ali did not testify at trial. Instead, the State proceeded against Mohamed using a 911 recording in which Ali told the dispatcher, through a Somali interpreter, that a man had entered her home. She explained that she had run out of the apartment after the man had entered because she feared he would physically attack her and that her infant daughter was still in the apartment with him. The officers who responded to the call testified that they spoke with Ali in the hallway of the building and then went to her apartment and knocked on the door. Mohamed answered and they placed him under arrest.

Mohamed was charged with domestic violence felony violation of a court order. While Mohamad was in jail, he made several telephone calls, including three calls to a number listed as Ali's and two calls to a bail bondsman. In the calls to Ali, Mohamed questioned her about whether she called the police and directed her not to cooperate with law enforcement. Over Mohamed's objection, the recordings of all five calls were admitted at trial, and translated transcriptions of portions of the calls made to Ali were published to the jury and admitted as illustrative exhibits.

Mohamed elected to represent himself at trial. After a jury convicted him of violating the protection order, the court reappointed counsel for sentencing. Mohamed filed several pro se motions requesting dismissal of the charge and a new trial. He repeatedly requested to both proceed pro se on these motions and have counsel represent him at sentencing. The trial court refused to order such

an arrangement. Instead, it required Mohamed to represent himself at sentencing if he wanted to proceed pro se on his motions. Mohamed chose to continue pro se, and the court appointed him standby counsel. At sentencing, the trial court imposed a drug offender sentencing alternative of 19 months incarceration and 19 months of community custody.

II

Mohamed first contends that the trial court abused its discretion in admitting recordings of five telephone calls that he made from jail. This is so, he now argues, because the evidence was irrelevant or, even if relevant, was more prejudicial than probative. Mohamed's failure to object below on the grounds raised on appeal bars appellate review of these evidentiary claims.

"[I]t is well established that '[i]f a specific objection is overruled and the evidence in question is admitted, the appellate court will not reverse on the basis that the evidence should have been excluded under a different rule which could have been, but was not, argued at trial.'" State v. Ferguson, 100 Wn.2d 131, 138, 667 P.2d 68 (1983) (quoting 5 KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE § 10, at 25 (2d ed.1982) and citing ER 103); see also State v. Korum, 157 Wn.2d 614, 648, 141 P.3d 13 (2006).

During the pretrial hearing regarding the admissibility of these calls, Mohamed raised one specific objection to all of the jail telephone calls—that he believed that the State should not be permitted to record his calls. He offered no legal authority in support of this assertion. When the recordings were offered at

- 3 -

trial, Mohamed did not raise any additional ground for his objection, stating only "defense would object."[2]

As to the calls to the victim, Mohamed also argued that the State could not establish that the person he called was the victim. The court explained the minimal information necessary to authenticate the identity of a person on the telephone and ruled the calls admissible.

Neither of these objections is the basis for Mohamed's claim on appeal. Accordingly, we do not further consider his evidentiary argument.

III

Mohamed next contends that he was denied his constitutional right to counsel at sentencing. This is so, he asserts, because the court "forced him to choose between abandoning his motions for a new trial and having counsel at sentencing." Br. of Appellant at 10. We disagree.

Under Washington law, once a defendant has asserted his right to represent himself and made a knowing, voluntary, and intelligent waiver of the right to counsel, the defendant is not entitled to reappointment of counsel as a matter of right. State v. DeWeese, 117 Wn.2d 369, 379, 816 P.2d 1 (1991). "[A] valid waiver of the right to assistance of counsel generally continues throughout the criminal proceedings, unless the circumstances suggest that the waiver was

---

[2] Mohamed later challenged the competency of the translator who provided the English translation of the telephone conversations with the victim, which were mostly in Somali. When transcripts of the calls to the victim were offered, which included the English translation, Mohamed objected that they were hearsay. These objections to the translation are not raised on appeal.

limited." State v. Modica, 136 Wn. App. 434, 445, 149 P.3d 446 (2006), aff'd, 164 Wn.2d 83, 186 P.3d 1062 (2008).[3]

After a defendant's valid waiver of counsel, the reappointment of counsel "is wholly within the discretion of the trial court." DeWeese, 117 Wn.2d at 376-77. "In exercising that discretion, the trial court may consider all of the circumstances that exist when a request for reappointment is made." Modica, 136 Wn. App. at 443 (citing State v. Canedo–Astorga, 79 Wn. App. 518, 525, 903 P.2d 500 (1995)).

Mohamed's contention that he was denied the right to counsel is based on the incorrect premise that he was entitled to reappointment of counsel for sentencing. In fact, Mohamed had previously validly waived his right to counsel in this case.[4] Therefore, it was within the trial court's discretion whether to reappoint counsel.

The trial court exercised its discretion reasonably with regard to Mohamed's requests for reappointment of counsel. Thus, at Mohamed's request, the court reappointed counsel for sentencing. Despite then being represented by counsel, Mohamed filed several pro se motions requesting dismissal of the charge and a new trial. He repeatedly requested to represent himself on these motions but to have counsel represent him at sentencing.

---

[3] Federal law is in accord. As one court summarized, "Federal circuit courts are unanimous in holding that 'a defendant's waiver of counsel at trial carries over to subsequent [sentencing] proceedings absent a substantial change in circumstances.'" Fletcher v. Dickhaut, 834 F. Supp. 2d 10, 18 (D. Mass. 2011) (alteration in original) (quoting United States v. McBride, 362 F.3d 360, 367 (6th Cir.2004)); see also United States v. Unger, 915 F.2d 759, 762 (1st Cir.1990); United States v. Fazzini, 871 F.2d 635, 643 (7th Cir.1989); Panagos v. United States, 324 F.2d 764, 765 (10th Cir.1963); Davis v. United States, 226 F.2d 834, 840 (8th Cir.1955).

[4] Mohamed does not challenge the validity of his prearraignment waiver of the right to counsel.

"A defendant does not have a constitutional right to choreograph special appearances by counsel." McKaskle v. Wiggins, 465 U.S. 168, 183, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984). Similarly, a defendant does not have a constitutional right to act as co-counsel. DeWeese, 117 Wn.2d at 379. Here, the trial court properly gave Mohamed a choice: he could be pro se or he could be represented by counsel. Desiring to argue his motions pro se, Mohamed chose to remain pro se. The trial court reasonably exercised its discretion in giving Mohamed this choice; he was entitled to no more.

Affirmed.

Dwyer, J.

We concur:

Trickey, J.

Leach, J.