IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33443-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ELUTERIO MORFIN-CAMACHO, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Eluterio Morfin-Camacho was convicted of felony charges after representing himself at a jury trial. Because the trial court did not obtain a valid waiver prior to allowing Mr. Morfin-Camacho to proceed without counsel, we reverse and remand for a new trial.

No. 33443-1-III
*State v. Morfin-Camacho*

## FACTS

Mr. Morfin-Camacho was charged with second degree burglary and possession of a controlled substance (methamphetamine) in Franklin County Superior Court. During a pretrial hearing, Mr. Morfin-Camacho informed the court he wished to discharge appointed counsel and proceed pro se. The court conducted a colloquy, during which Mr. Morfin-Camacho claimed he had a "JD" and indicated he understood he would be held to the same procedural and evidentiary standards as the prosecutor. Report of Proceedings (RP) (March 17, 2015) at 2-5. The following exchange then took place:

> THE COURT: I have a question first of all for the prosecutor. I want to know what type of jeopardy Mr. Camacho is potentially facing, his potential on this charge, how much time he can be facing.
>
> . . . .
>
> MR. HULTGRENN: He has [an] offender score of 5 or 6. He's looking at 22 to 29 on the burglary charge and six months and a day to 12 months on the drug charge.
>
> . . . .
>
> THE COURT: I want to make sure you understand you're looking at 29 months confinement.
>
> MR. MORFÍN-CAMACHO: I understand that, and I'm ready to proceed.

*Id.* at 3-4. The court then stated it would allow Mr. Morfin-Camacho to represent himself and discharged appointed counsel.

2

No. 33443-1-III
*State v. Morfin-Camacho*

Immediately after the court's oral ruling, the prosecutor voiced concern. The prosecutor expressed doubt over whether Mr. Morfin-Camacho actually had a "JD." Both the prosecutor and former defense counsel stated they had concerns about Mr. Morfin-Camacho's competence. While defense counsel addressed the court, Mr. Morfin-Camacho interrupted and complained the attorney was lying.

After defense counsel completed his comments, the court addressed Mr. Morfin-Camacho again:

> THE COURT: Mr. Morfin-Camacho, where did you receive your JD?
> MR. MORFÍN-CAMACHO: I earned it, sir.
> THE COURT: From who?
> MR. MORFÍN-CAMACHO: I've got my own law practice.
> THE COURT: Where did you receive your JD?
> MR. MORFÍN-CAMACHO: I'm ready to proceed.
> THE COURT: You're not answering my question.
> MR. MORFÍN-CAMACHO: I'm ready to proceed.
> THE COURT: You indicated you received a JD. Where did you receive that degree?
> MR. MORFÍN-CAMACHO: I obtained it in college.
> THE COURT: Which college?
> MR. MORFÍN-CAMACHO: Gonzaga.
> THE COURT: Gonzaga [University]?
> MR. MORFÍN-CAMACHO: Yeah.
> THE COURT: Do you have a copy of that degree?
> MR. MORFÍN-CAMACHO: I can get it.
> THE COURT: I'd like you to do that.
> MR. MORFÍN-CAMACHO: I'd like to proceed.

RP (March 17, 2015) at 8.

3

After this colloquy, the prosecutor indicated the State had prior cases involving Mr. Morfin-Camacho, during which he had been sent to Eastern State Hospital. According to the prosecutor, Mr. Morfin-Camacho had previously come back from Eastern and was deemed competent. This led the prosecutor to conclude his concerns about competency must just be due to Mr. Morfin-Camacho's "personality." *Id.* at 9. After hearing from the prosecutor on this point, the court ordered the case to proceed. There is no indication the court ever followed up with Mr. Morfin-Camacho regarding proof that he had obtained a "JD."

Mr. Morfin-Camacho proceeded to represent himself at trial and was convicted as charged. At sentencing, he received concurrent terms of confinement of 29 months for second degree burglary and 12 months and a day for methamphetamine possession. Mr. Morfin-Camacho timely appeals.

## ANALYSIS

### Waiver of Counsel

A defendant has the constitutional right to represent himself at trial. *State v. James*, 138 Wn. App. 628, 635, 158 P.3d 102 (2007). When a defendant unequivocally demands to represent himself, the trial court must ascertain whether the defendant has made a knowing, intelligent, and voluntary waiver of the right to assistance of counsel.

4

*Id.* While a defendant has a right to self-representation, courts must indulge "'every reasonable presumption' against a defendant's waiver of his or her right to counsel." *State v. Madsen*, 168 Wn.2d 496, 504, 229 P.3d 714 (2010) (quoting *In re Det. of Turay*, 139 Wn.2d 379, 396, 986 P.2d 790 (1999)). This court reviews a trial court's decision to allow a defendant to represent himself for an abuse of discretion. *James*, 138 Wn. App at 636.

There is no set formula for deciding the validity of a waiver of counsel. *Id.* Preferably the trial court should engage in a detailed colloquy on the record. *State v. DeWeese*, 117 Wn.2d 369, 377-78, 816 P.2d 1 (1991). "[*A*]*t a minimum* [this colloquy should apprise a defendant of] the seriousness of the charge, *the possible maximum penalty involved*, and the existence of technical, procedural rules governing the presentation of [a] defense". *State v. Silva*, 108 Wn. App. 536, 539, 31 P.3d 729 (2001) (emphasis added). In the final analysis, the record must be sufficient to conclude the defendant knows what he is doing and is making a choice "with eyes open." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S. Ct. 236, 87 L. Ed. 268 (1942).

The colloquy between the court and Mr. Morfin-Camacho was insufficient to demonstrate a valid waiver. There were two distinct problems. First, Mr. Morfin-Camacho was not advised of the statutory maximum penalties applicable to his offenses.

5

The only information provided pertained to the anticipated standard ranges under the Sentencing Reform Act of 1981, chapter 9.94A RCW. This was inadequate. *Silva*, 108 Wn. App. at 541-42 (advice of standard range insufficient, even when defendant received a sentence within the standard range). Second, the court failed to adequately ensure that Mr. Morfin-Camacho understood the proceedings against him. Mr. Morfin-Camacho's claims about holding a "JD" and having his own law practice were suspect. The court should have deferred resolution of Mr. Morfin-Camacho's motion for self-representation until after obtaining verification. Without verification, the record leaves open the reasonable possibility that Mr. Morfin-Camacho was either suffering from some sort of delusion or intentionally deceiving the court. In either scenario, the presumption against a valid waiver cannot be met. The record on appeal thus cannot support a valid waiver.

*Sufficiency of Evidence*

In his statement of additional grounds, Mr. Morfin-Camacho appears to claim the State did not present sufficient evidence to support the burglary conviction. Had this been the case, retrial would be prohibited under the double jeopardy clause. However, we find the State met its burden.

Evidence is sufficient to support a conviction if, when viewed in the light most favorable to the State, it permits any rational trier of fact to find the essential elements of

6

the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). This court defers to the trier of fact on issues of conflicting testimony, witness credibility, and persuasiveness of the evidence. *State v. Emery*, 161 Wn. App. 172, 199, 253 P.3d 413 (2011).

"A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building other than a vehicle or a dwelling." RCW 9A.52.030(1). A "building" includes a "fenced area." RCW 9A.04.110(5). The trier of fact may infer that a person who enters or remains unlawfully in a building acted with intent to commit a crime therein unless this inference is rebutted by satisfactory evidence. RCW 9A.52.040.

The evidence showed (1) Mr. Morfin-Camacho was in the fenced area of the store, (2) the store owner had not given Mr. Morfin-Camacho permission to be in the fenced area nor did he know the man was Mr. Morfin-Camacho until after he was arrested, (3) the owner's van door was open, and (4) Mr. Morfin-Camacho's version of events was disputed by officers, the store owner, and Mr. Morfin-Camacho's brother. This evidence was sufficient to allow an inference that Mr. Morfin-Camacho intended to steal something from the store owner.

No. 33443-1-III
*State v. Morfin-Camacho*

*Remaining Claims*

Because we are reversing Mr. Morfin-Camacho's convictions, we need not address

the remaining claims of error.

## CONCLUSION

Based on the forgoing, the trial court's judgment and sentence is reversed. This

matter is remanded for a new trial.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, J.

WE CONCUR:

_____          _____
Fearing, C.J.                             Lawrence-Berrey, J.

8