# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51935-6-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JOHNATHAN MICHAEL GOULDING-BOOTH, | |
| Appellant. | |

MAXA, C.J. – Johnathan Goulding-Booth appeals his conviction of first degree criminal impersonation, claiming that the trial court violated his constitutional right to be present when it removed him from the courtroom during closing arguments without allowing him to view the proceedings by video in another location. He also challenges the imposition of two legal financial obligations (LFOs), a criminal filing fee and a DNA collection fee.

We hold that the trial court acted within its discretion in removing Goulding-Booth from the courtroom and returning him to jail. However, it is unclear from the record whether the challenged LFOs are appropriate under existing law. Therefore, we affirm Goulding-Booth's conviction, but we remand for the trial court to address imposition of the criminal filing fee and DNA collection fee.

FACTS

The State charged Goulding-Booth with first degree criminal impersonation based on an incident that occurred on December 30, 2017.[1]  Both before and during trial, Goulding-Booth repeatedly engaged in disruptive behavior in the courtroom.  The trial court warned him multiple times that his behavior could result in removal from the courtroom.  The trial court removed Goulding-Booth from the courtroom five times because of his disruptive behavior.  On these occasions, Goulding-Booth was placed in a separate courtroom where he could watch the trial through a video feed.

During defense counsel's closing argument, Goulding-Booth started speaking.  The trial court ordered Goulding-Booth to remain silent, but he persisted.  Therefore, the court removed him from the courtroom, stating that Goulding-Booth had waived his right to attend that portion of the trial.  The court referred to his behavior as the "most egregious" disruption yet and adding that he was "physically resistant" when removed.  4 Report of Proceedings (RP) at 204.  But Goulding-Booth continued to be so loud that the court could hear him in the courtroom where the trial was occurring, and the court stated that placing him in the separate courtroom would not ensure that the jury could not hear him.  Therefore, the court determined that it was appropriate to return Goulding-Booth to jail.  Closing arguments then continued.

The jury found Goulding-Booth guilty of first degree criminal impersonation.  At sentencing, the court imposed a $200 criminal filing fee and a $100 DNA collection fee as LFOs.  Goulding-Booth appeals his conviction and the imposition of these LFOs.

---

[1] The State also charged Goulding-Booth with second degree vehicle prowling and felony harassment.  The State dismissed the second degree vehicle prowling charge, and the jury acquitted Goulding-Booth of felony harassment.

ANALYSIS

A.      DISRUPTION AND REMOVAL OF DEFENDANT FROM COURTROOM

A criminal defendant has a constitutional right to be present in the courtroom at all critical stages of the trial. *State v. Irby*, 170 Wn.2d 874, 880, 246 P.3d 796 (2011)*; State v. Chapple*, 145 Wn.2d 310, 318, 36 P.3d 1025 (2001). This right derives from the constitutional right to confront adverse witnesses and the Washington rules of criminal procedure. *Chapple*, 145 Wn.2d at 318; CrR 3.4(a).

The right to be present is not absolute. *Chapple*, 145 Wn.2d at 318. A defendant's persistent, disruptive conduct can become a voluntary waiver of his right to be present in the courtroom. *Illinois v. Allen*, 397 U.S. 337, 343, 90 S. Ct. 1057, 25 L. Ed. 2d 353 (1970); *State v. DeWeese*, 117 Wn.2d 369, 381, 816 P.2d 1 (1991). Once lost, this right can be reclaimed "as soon as the defendant is willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings." *Allen*, 397 U.S. at 343.

A trial court has wide discretion in determining the appropriate means to deal with a defendant's disruptive courtroom behavior. *Id.*; *Chapple*, 145 Wn.2d at 320. "No one formula for maintaining the appropriate courtroom atmosphere will be best in all situations." *Allen*, 397 U.S. at 343.

The court in *Chapple* set out basic guidelines to assist trial courts in exercising their discretion. 145 Wn.2d at 320. First, the trial court must warn the defendant that his conduct may lead to removal. *Id.* Second, the trial court must assess whether the severity of the defendant's conduct justifies removal. *Id.* Third, the trial court needs to employ the least severe alternative that will prevent the defendant from disrupting the trial. *Id.* Fourth, the trial court must allow the defendant the right to reclaim his right to be present upon assurances that he will improve his

conduct. *Id.; State v. Thompson*, 190 Wn. App. 838, 843-44, 360 P.3d 988 (2015) (trial court need not repeatedly inform defendant that he could return upon assurances). These guidelines are intended to ensure that trial courts exercise their discretion in a manner that affords defendants a fair trial while maintaining the safety and decorum of the proceedings. *Chapple*, 145 Wn.2d at 320 .

In *Chapple*, the court rejected the defendant's argument that he should have been allowed to watch the trial in a separate room and that the trial court should have explored additional arrangements like gagging. 145 Wn.2d at 323-24. The court stated that "the trial judge determined that even if Chapple were allowed to watch the proceedings on a television in an adjacent room, he could have disrupted the trial." *Id.* at 323. The court also noted that "[t]he trial court is in the best position to assess the technological limitations of the respective courthouse and the impending threat of the defendant." *Id.* at 324.

Here, the trial court previously had Goulding-Booth sent to the separate courtroom after finding that he waived his right to be present. But during his last disruption, the court stated, "I'm not sure if the record is picking it up but he was so loud just now that putting him in courtroom seven would not potentially ensure that the jury still could not hear him."[2] 4 RP at 205. As in *Chapple*, the court determined that Goulding-Booth still could have disrupted the trial if he was moved to the separate courtroom and therefore decided that returning him to jail was appropriate. The trial court was in the best position to make that determination.

The court could have ordered that Goulding-Booth be gagged. But as in *Chapple*, there was no assurance that gagging Goulding-Booth would have been effective and may have caused more disruption.

---

[2] The court reporter notes that there is "[i]ndiscernible yelling from Defendant." 4 RP at 204.

As noted above, a trial court has wide discretion in determining the appropriate means to deal with a defendant's disruptive courtroom behavior. *Chapple*, 145 Wn.2d at 320. We conclude that the trial court did not abuse its discretion here. Accordingly, we hold that the trial court did not violate Goulding-Booth's right to be present at trial when the court removed him from the courtroom and returned him to jail.

B.      IMPOSITION OF LFOS

Goulding-Booth argues that the criminal filing fee and DNA collection fee the trial court imposed as LFOs must be stricken. The State takes no position on this issue. We remand for consideration of these LFOs.

In 2018, the legislature amended (1) RCW 36.18.020(2)(h), which now prohibits imposition of the criminal filing fee on a defendant who is indigent as defined in RCW 10.101.010(3)(a)-(c); and (2) RCW 43.43.7541, which now prohibits imposing a DNA fee when the State previously has collected the offender's DNA as a result of a prior conviction. These amendments to the LFO statutes apply prospectively to cases pending on direct appeal. *State v. Ramirez*, 191 Wn.2d 732, 749-50, 426 P.3d 714 (2018).

Here, the trial court found that Goulding-Booth was indigent for purposes of appeal. But the record does not show whether the court found Goulding-Booth indigent as defined in RCW 10.101.010(3)(a)-(c). And although under RCW 43.43.7541 DNA is required to be collected from an offender convicted of a felony and Goulding-Booth previously had been convicted of felonies, the record is unclear whether Goulding-Booth's DNA in fact had been collected previously.

We remand for the trial court to determine whether the criminal filing fee and DNA collection fee can be imposed under existing law.

CONCLUSION

We affirm Goulding-Booth's conviction, but we remand for the trial court to address imposition of the criminal filing fee and DNA collection fee.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, C.J.

We concur:

LEE, J.

MELNICK, J.