## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78979-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| BRYAN JOHNATHON PARENT, | ) | |
| | ) | FILED: March 16, 2020 |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Bryan Parent seeks a new trial, arguing the trial court abused its discretion when it accepted his waiver of counsel. Parent's waiver of counsel was not knowing or intelligent because the court failed to address the possible maximum penalty in its colloquy and misstated the possible maximum penalty on the waiver form.

Therefore, we reverse and remand for a new trial.

## FACTS

The State charged Parent with one count of possession of a control substance. Three weeks before trial, Parent requested to represent himself. After a colloquy on the record and Parent's review and signature of the wavier form, the court granted his request. Three weeks later, on the first day of trial, after the State amended the information to add a bail jumping charge, Parent

moved for reappointment of counsel. The court denied the motion. The jury convicted Parent of both counts.

Parent appeals.

## ANALYSIS

Parent contends the trial court abused its discretion when it accepted his waiver of counsel because it was not knowing or intelligent.

We review a trial court's decision on a defendant's waiver of counsel for abuse of discretion.[1] The court's determination "depends upon the particular facts and circumstances of the case, including the background, experience, and conduct of the accused."[2] "The burden of proof is on the defendant asserting that his right to counsel was not competently and intelligently waived."[3]

The Washington Constitution and the United States Constitution grant criminal defendants the right to self-representation.[4] But this right is in tension with a defendant's right to the assistance of counsel.[5] "Because of this tension, a defendant must unequivocally request to proceed pro se before he or she will be permitted to do so."[6] Even if a defendant makes an unequivocal and timely request, in order to grant a defendant's request to proceed pro se, the court must

[1] In re Personal Restraint of Rhome, 172 Wn.2d 654, 667, 260 P.3d 874 (2011).

[2] State v. Hahn, 106 Wn.2d 885, 900, 726 P.2d 25 (1986).

[3] Id. at 901.

[4] State v. Curry, 191 Wn.2d 475, 482, 423 P.3d 179 (2018).

[5] Id.

[6] Id. at 482-83.

establish that the defendant made a voluntary, knowing, and intelligent waiver of the right to counsel.[7]

When determining whether a waiver is voluntary, knowing, and intelligent, we must confirm, "the defendant understood the seriousness of the charge, the possible maximum penalty involved, and the existence of technical procedural rules governing the presentation of his defense."[8] The possible maximum penalty, rather than the standard range, is critical to a knowledgeable waiver of a defendant's constitutional right to counsel.[9] "[A] colloquy on the record is the preferred means of assuring that defendants understand the risks of self-representation."[10]

Parent argues his waiver was not knowing or intelligent because he was not aware of the possible maximum penalty. Three weeks prior to trial, Parent moved to represent himself. Prior to the hearing on his motion, the court provided Parent with the waiver of counsel forms.

At the hearing, the court conducted a colloquy on the record. The hearing addressed Parent's motions to represent himself in two separate cases. In the

---

[7] Id. at 483 (quoting State v. DeWeese, 117 Wn.2d 369, 377, 816 P.2d 1 (1991)).

[8] DeWeese, 117 Wn.2d at 378 (emphasis added).

[9] See State v. Silva, 108 Wn. App. 536, 541, 31 P.3d 729 (2001) ("But even the most skillful of defendants cannot make an intelligent choice without knowledge of all facts material to the decision. Silva was never advised of the maximum possible penalties for the crimes with which he was charged. Absent this critical information, Silva could not make a knowledgeable waiver of his constitutional right to counsel.").

[10] City of Bellevue v. Acrey, 103 Wn.2d 203, 211, 691 P.2d 957 (1984).

first case, the State charged Parent with possession of a controlled substance and trespassing. This appeal concerns the second case, consisting of a separate charge of possession of a controlled substance and bail jumping. The court's colloquy pertaining to this case repeatedly references the colloquy in the first case.

At the start of the hearing, the court advised Parent that the court had given him the waiver of counsel forms "ahead of time so that you would have time to review the . . . dangers and disadvantages of representing yourself."[11] During the colloquy, Parent indicated he had previously represented himself in a criminal case where he was charged with third degree assault.

On the waiver of counsel form, Parent did not fill in the blanks concerning his current charge and the possible maximum penalty for that charge. The court inquired into the blank sections, and Parent indicated, "[T]he old process wasn't like this. . . . I didn't have to fill this paperwork out."[12] The court orally identified the standard range for possession of a controlled substance was 12 to 24 months. The court did not inquire whether Parent knew the possible maximum penalty for possession of a controlled substance, as charged under RCW 69.50.4013. The court did not advise him that the maximum is five years incarceration.[13]

---

[11] Report of Proceedings (Aug. 6, 2018) at 2.

[12] Id. at 3.

[13] RCW 69.50.4013(2) ("Except as provided in RCW 69.50.4014, any person who violates this section is guilty of a class C felony punishable under chapter 9A.20 RCW."); RCW 9A.20.021(1)(c) ("Unless a different maximum sentence for a classified felony is specifically established by a statute of this state, no person convicted of a classified felony shall be punished by confinement or fine exceeding the following: . . . For a class C felony, by confinement in a state

Apparently related to the discussion of the standard range, the court wrote in "12 to 24 months" on the waiver form but inserted those numbers above the blank space for the possible maximum penalty.[14] At the court's request, Parent reviewed the form as filled in by the court, consented he understood the form, and then signed it.

The State concedes the court failed to inform Parent of the possible maximum penalty but contends Parent otherwise knew about the possible maximum penalty. Even if there is an omission in the colloquy, a defendant's waiver may be knowing and intelligent if the record "somehow otherwise show[s] that the defendant . . . knew the possible maximum penalty."[15]

Here, the information expressly provided that the possible maximum penalty for possession of a controlled substance was five years' imprisonment. At his arraignment seven months prior to his motion to represent himself, Parent acknowledged receipt of the information. But we are not persuaded that Parent's receipt of the information seven months earlier is adequate.

Here, the court failed to conduct an adequate colloquy. The court did not address the possible maximum penalty. And, most significantly, on the written

---

correctional institution for five years, or by a fine in an amount fixed by the court of ten thousand dollars, or by both such confinement and fine.").

[14] Clerk's Papers at 211.

[15] Acrey, 103 Wn.2d at 211; see also DeWeese, 117 Wn.2d at 378 ("A colloquy on the record is the preferred method; but in the absence of a colloquy, the record must reflect that the defendant understood the seriousness of the charge, the possible maximum penalty involved, and the existence of technical procedural rules governing the presentation of his defense.") (citing id.).

waiver form, the court confusingly listed 12 to 24 months as the possible maximum penalty. The information which was given to Parent seven months earlier and correctly identified the possible maximum penalty does not cure the court's failure to discuss the possible maximum penalty in its colloquy because of the court's misstatement of the possible maximum penalty on the waiver form.

Parent did not knowingly and intelligently waive his right to counsel. Given this conclusion, we do not need to address Parent's other arguments.

Therefore, we reverse and remand for a new trial.

WE CONCUR:

_Mann, ACJ_

_Appelwick, CJ_