IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37924-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JON GABRIEL DEVON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Jon Devon was arrested and charged with several felonies. Less than one week before trial, Devon's defense attorney withdrew after discovering a conflict of interest. The trial court advised Devon of his rights, including his right to an attorney and his right to self-representation. When Devon expressed a desire to represent himself with the assistance of standby counsel, the court noted that it might be challenging to find standby counsel on such short notice. Devon made it clear that he wanted to proceed to trial as scheduled. Ultimately, Devon represented himself at trial without the assistance of standby counsel. The jury acquitted him of three counts of harassment, threats to kill, and one count of first degree assault but found him guilty of unlawful possession of a firearm and obstructing a law enforcement officer.

On appeal, Devon contends for the first time that the right to represent oneself under the Washington Constitution includes the constitutional right to standby counsel. He also contends that his trial attorney was constitutionally ineffective for failing to conduct a conflict check earlier in the case. We decline to address the first issue because Devon fails to demonstrate that the alleged error was manifest. We also hold that Devon's ineffective assistance of counsel claim fails because he does not demonstrate prejudice. We affirm Devon's convictions for unlawful possession of a firearm and obstructing a law enforcement officer.

## BACKGROUND

After being arrested and charged with several felonies, Devon was appointed a defense attorney. At the arraignment on May 18, 2020, trial was scheduled for July 7. Devon's attorney made it clear that Devon would object to any extensions of his speedy trial rights past the 60-day time limit, which he argued would expire on July 17. The trial court noted the Supreme Court order extending speedy trial due to the COVID-19 health emergency and calculated Devon's outside speedy trial date as August 6.

At the readiness hearing on July 6, Devon's attorney indicated he needed more time to prepare and requested a continuance of the trial over Devon's objection. The court granted defense counsel's request and recalculated the speedy trial expiration as November 2.

On July 20, the court held a hearing to address a letter Devon filed with the court expressing dissatisfaction with his attorney. During the hearing, defense counsel outlined the work he had performed and his communications with Devon. Devon was also advised that disqualification of counsel would result in the speedy trial period being reset. Devon reasserted that he did not wish to waive or reset his speedy trial and ultimately withdrew his motion to disqualify counsel. At the end of the hearing, both Devon and his assigned counsel agreed to continue to work together on the case.

On August 3, Devon agreed to move his case from the trial track to the status track and set three status dates, which had the effect of waiving speedy trial. However, at the first status hearing on August 17, Devon requested the matter be put back on the trial track. At this hearing, the court calculated the outside date for speedy trial as November 28.

On September 24, the court considered defense counsel's request to continue the trial. Over objections by Devon and the State, the court continued the trial to November 3.

On October 30, the week before trial, the court heard a motion to withdraw by Devon's defense attorney. Defense counsel advised the court that he had not conducted a conflict check. Instead, during an interview, counsel realized that he had previously represented one of the alleged victims. Based on this representation, the court allowed defense counsel to withdraw.

Even before the court allowed Devon's attorney to withdraw, Devon requested to proceed pro se. As he explained to the court, Devon felt that representing himself was advantageous and strategic.

Devon also indicated his desire for standby counsel, and the court expressed its desire to appoint standby counsel if it could find one on short notice. Devon made it clear that if standby counsel was unavailable, he would prefer to move forward with the scheduled trial rather than continue the trial date to find standby counsel. The trial court conducted a thorough colloquy on the record and Devon signed a written waiver of his right to counsel.

The following week, the court indicated that standby counsel was not available and Devon chose to go to trial as scheduled, representing himself without the assistance of standby counsel. At the end of the trial, the jury acquitted Devon of three counts of harassment, threats to kill, and one count of first degree assault. The jury found Devon guilty of unlawful possession of a firearm and obstructing a law enforcement officer.

ANALYSIS

A. STANDBY COUNSEL

Washington courts have never recognized a state constitutional right to standby counsel. *See State v. DeWeese*, 117 Wn.2d 369, 379, 816 P.2d 1 (1991) (no federal constitution Sixth Amendment right to standby counsel or hybrid representation). Nevertheless, Devon argues for the first time on appeal that the Washington

Constitution's right to self-representation is broader than the federal right and includes the right to standby counsel. He continues that this right was violated when the trial court did not provide Devon with standby counsel at trial. The State responds that the trial court did not deny Devon's request for standby counsel. Instead, Devon waived any right to standby counsel when he insisted on starting trial rather than postponing it to find available standby counsel. Devon responds that he did not make a knowing and intelligent waiver of his right to standby counsel because the trial court advised him that he did not have a right to standby counsel. We decline to address this issue because Devon raises it for the first time on appeal and fails to establish that the alleged error is manifest.

Devon acknowledges that he did not argue below that he had a constitutional right to standby counsel. The general rule is that errors not raised at the trial court level are not preserved for review on appeal. *State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2009) (citing RAP 2.5(a)). Devon contends he is raising a manifest error affecting a constitutional right, an exception recognized by RAP 2.5(a)(3).

Even if Devon's argument raises a constitutional issue, he fails to demonstrate that the issue is manifest. The requirement to demonstrate manifest error recognizes that exceptions to the general rule of waiver are to be construed narrowly. *State v. Kirkman*, 159 Wn.2d 918, 935, 155 P.3d 125 (2007). A manifest error requires a showing of actual prejudice. *O'Hara*, 167 Wn.2d at 99. Actual prejudice requires a "'plausible showing by

5

the [appellant] that the asserted error had practical and identifiable consequences in the trial of the case.'" *Kirkman*, 159 Wn.2d at 935 (quoting *State v. WWJ Corp.*, 138 Wn.2d 595, 603, 980 P.2d 1257 (1999)). Actual prejudice focuses on "whether the error is so obvious on the record that the error warrants appellate review." *O'Hara*, 167 Wn.2d at 99-100.

> It is not the role of an appellate court on direct appeal to address claims where the trial court could not have foreseen the potential error or where the prosecutor or trial counsel could have been justified in their actions or failure to object. Thus, to determine whether an error is practical and identifiable, the appellate court must place itself in the shoes of the trial court to ascertain whether, given what the trial court knew at that time, the court could have corrected the error.

*Id.* at 100.

Arguably, a novel claim that the Washington Constitution provides more expansive protections than the federal constitution is not manifest because it is not an error that is obvious or foreseeable to the trial court. *See State v. Ramirez*, 5 Wn. App. 2d 118, 134, 425 P.3d 534 (2018). In *Ramirez*, the defendant argued for the first time on appeal that article 1, section 3 of the Washington Constitution provides greater protection than the federal constitution. This court held that the error was not manifest because the independent state constitutional issue was neither obvious nor foreseeable to the trial court. *Id.* at 133-34.

But even if the alleged error was obvious and foreseeable, Devon fails to point to any practical and identifiable consequences. Even assuming our state constitution

6

protects a right to standby counsel, such right would not be greater than the right to have an attorney or to represent oneself. Both of these rights are waivable. See *State v. Burns*, 193 Wn.2d 190, 202, 438 P.3d 1183 (2019). Indeed, Devon does not claim his alleged right to standby counsel cannot be waived. In this case, the trial court did not deny Devon standby counsel. The court told Devon that if it could not find standby counsel on short notice, the trial would need to be continued. Faced with this choice, Devon chose to go without standby counsel.

On appeal, Devon fails to articulate how this scenario would be different were we to hold that there is a constitutional right to standby counsel. Even if it were a right, standby counsel was still unavailable on the day of trial. Because Devon fails to demonstrate that this alleged error had any practical and identifiable consequences, it is not manifest. Because the alleged error is not manifest, it does not fall within the exception to the general rule that errors not raised below will not be considered for the first time on appeal. RAP 2.5(a).

B. INEFFECTIVE ASSISTANCE OF COUNSEL

Next, Devon contends that his trial attorney was constitutionally ineffective for failing to conduct a conflict check at the beginning of his representation and forcing Devon to choose between going to trial as scheduled or continuing the trial to find standby counsel. Five months after he was appointed to represent Devon, and the week before trial, Devon's attorney moved to withdraw, claiming a newly discovered conflict

of interest.  Trial counsel advised the court that he did not conduct a conflict check on being appointed to represent Devon and recently discovered that he had previously represented one of the witnesses.

After his attorney withdrew, Devon chose to represent himself.  On appeal, Devon claims that his attorney's failure to conduct a conflict check and late withdrawal constituted ineffective assistance of counsel.  Assuming without deciding that counsel's performance was deficient, Devon fails to show that the deficient performance prejudiced him.

Criminal defendants have a constitutionally guaranteed right to effective assistance of counsel.  U.S. CONST. amend. VI; WASH. CONST. art. I, § 22; *State v. Lopez*, 190 Wn.2d 104, 115, 410 P.3d 1117 (2018).  A claim of ineffective assistance of counsel is an issue of constitutional magnitude that may be considered for the first time on appeal. *State v. Nichols*, 161 Wn.2d 1, 9, 162 P.3d 1122 (2007).  Claims of ineffective assistance of counsel are reviewed de novo.  *State v. White*, 80 Wn. App. 406, 410, 907 P.2d 310 (1995).

A defendant bears the burden of showing (1) that his counsel's performance fell below an objective standard of reasonableness based on consideration of all the circumstances and, if so, (2) there is a reasonable probability that but for counsel's poor performance the outcome of the proceedings would have been different.  *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995).  If either element is not

satisfied, the inquiry ends. *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009). If a defendant fails to satisfy either prong, a court need not inquire further. *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987).

A defendant must affirmatively prove prejudice, not simply show that "the errors had some conceivable effect on the outcome." *Strickland v. Washington*, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A defendant demonstrates prejudice by demonstrating that the proceedings would have been different but for counsel's deficient representation. *McFarland*, 127 Wn.2d at 337.

Devon argues that counsel's withdrawal shortly before trial caused him to choose between proceeding to trial alone or continuing the trial to secure standby counsel. Devon cannot show that the counsel's alleged deficiency impacted the outcome of the trial because Devon chose to proceed without standby counsel. Devon was not put in a position where he was forced to choose between competing constitutional rights. Although his attorney withdrew the week before trial, there were several weeks remaining on the speedy trial clock even without restarting the clock under CrR 3.3(c)(2)(vii). Faced with the tactical choice of moving forward with the scheduled trial or waiting to obtain standby counsel, Devon chose to go to trial.

Moreover, Devon does not point to any specific decision he made during trial where standby counsel would likely have had an impact. Instead, Devon simply generalizes that having standby counsel would likely have changed the trial outcome.

9

No. 37924-8-III
*State v. Devon*

Devon fails to show prejudice from his attorney's performance and therefore fails to demonstrate that his attorney was ineffective.

We affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Fearing, J.