IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33990-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| JEROME CURRY JR, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Criminal defendants enjoy competing rights to counsel and self-representation. As between these two rights, the default is the right to counsel. To overcome the presumption in favor of counsel, a defendant must first unequivocally request self-representation. This prerequisite is not satisfied if a defendant's desire to forfeit counsel is rooted in frustration with counsel's need for a continuance.

During Jerome Curry's prosecution for felony drug offenses, he asked to represent himself. The court held a hearing at which Mr. Curry repeatedly stated he had no choice but to forfeit counsel because his attorney would not be ready to proceed without a continuance. The qualifications attached to Mr. Curry's request for self-representation constituted equivocation. Accordingly, Mr. Curry's request for self-representation was invalid, and the convictions sustained thereafter must be reversed.

## BACKGROUND

Mr. Curry was charged with two counts of possession of a controlled substance. He was originally appointed counsel but filed several pretrial motions pro se.[1] Defense counsel ultimately filed a motion on Mr. Curry's behalf, requesting leave for Mr. Curry to proceed without counsel.

The trial court addressed the motion to proceed without counsel at a pretrial hearing. At the hearing, the court engaged Mr. Curry in a lengthy discussion focused on whether Mr. Curry's waiver of counsel was knowing, voluntary, and intelligent. Throughout this discussion, Mr. Curry repeatedly stated he had "no choice" but to represent himself because he wanted to assert his right to a speedy trial. *See* Verbatim Report of Proceedings (VRP) (May 7, 2015) at 4, 12, 19.

Mr. Curry explained he was frustrated because a change in personnel at the office of public defense meant his attorney would need a continuance. He stated:

[B]asically, I mean, if I've got to sit and wait until the end of June, . . . I mean, send me to prison or release me. One of the two. I mean, I aint got time to sit here. I mean, I have obligations on the streets. I'm losing my home. And if I've got to lose my home, I might as well defend [myself].

---

[1] Also prior to trial, the court found Mr. Curry competent to stand trial after ordering an evaluation. Mr. Curry has not raised any competency concerns and does not argue that his mental health is relevant to any issues on appeal.

2

*Id.* at 13. Mr. Curry stated that if his counsel could be ready by an earlier date, he would have "no problem" working with counsel. *Id.* at 14.

At the close of the hearing, the court asked if Mr. Curry's decision to proceed without counsel was his "voluntary and steadfast decision." *Id.* at 18. Mr. Curry stated, "Well, it's not voluntary. . . . It's I have no choice in the matter." *Id.* at 18-19. The court then made the following inquiry:

> THE COURT: Well, it's either your freewill choice of doing this, or somehow there's been some pressure put on you. And the only pressure I recall you saying is the time pressure; that is, that you believe you don't have a choice because you don't want an extension of the trial date, since you have other affairs that you believe you need to take care of. And you'd rather have an outcome quicker rather than later on. That's what I understand you to say. Is that accurate?
> THE DEFENDANT: That's—that's accurate.

*Id.* at 19.

After Mr. Curry confirmed the court's characterization of his position, the court granted Mr. Curry's request for self-representation. Approximately five weeks later, Mr. Curry represented himself at a jury trial and was convicted as charged. He now appeals.

## ANALYSIS

Our state and federal constitutions confer on criminal defendants the right of self-representation. WASH. CONST. art I, § 22; *Faretta v. California*, 422 U.S. 806, 819-20, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). While this right is widely known and well

established, implementation is difficult because exercising the right of self-representation involves waiving the right to counsel. *State v. DeWeese*, 117 Wn.2d 369, 376-77, 816 P.2d 1 (1991). As between the competing rights to self-representation and to counsel, the latter is preferred. Accordingly, we indulge "'every reasonable presumption' against a defendant's waiver of his or her right to counsel." *State v. Madsen*, 168 Wn.2d 496, 504, 229 P.3d 714 (2010) (internal quotation marks omitted) (quoting *In re Det. of Turay*, 139 Wn.2d 379, 396, 986 P.2d 790 (1999).

We review a trial court's disposition of a defendant's request for self-representation for abuse of discretion. *Id.* This is a deferential standard. However, we will reverse a trial court's decision under this standard if it is unsupported by the record or if it was reached "'by applying the wrong legal standard.'" *Id.* (quoting *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003)).

The first step a trial court faces in assessing a defendant's request for self-representation is to determine whether the request is timely and unequivocal. *Id.* Both prerequisites must be met, or the inquiry ends there. *State v. Woods*, 143 Wn.2d 561, 587, 23 P.3d 1046 (2001). Without a timely and unequivocal request, the right to counsel remains in place and the request for self-representation must be denied. *Id.* at 587-88. Only if the request for self-representation is both timely and unequivocal must the court

4

continue the inquiry by determining whether the request is "voluntary, knowing, and intelligent." *Madsen*, 168 Wn.2d at 504 (citing *Faretta*, 422 U.S. at 835).

This case involves only the threshold question of whether Mr. Curry's request for self-representation was unequivocal. Thus, we do not look at whether the trial court engaged in an adequate colloquy under *Faretta*. We instead focus on Mr. Curry's statements and whether the record, as a whole, indicates his request for self-representation was unequivocal. *See Woods*, 143 Wn.2d at 586.

When a request for self-representation is made in the context of a defendant's desire to exercise his or her speedy trial rights, the question of equivocation is complex. On the one hand, a defendant's request for self-representation is equivocal if it is based merely on displeasure with counsel's need for a continuance. *Id.* at 587; *State v. Luvene*, 127 Wn.2d 690, 699, 903 P.2d 960 (1995). But on the other hand, a defendant can make a strategic choice to assert the right to self-representation in order to avoid a trial delay. *State v. Modica*, 136 Wn. App. 434, 442, 149 P.3d 446 (2006), *aff'd*, 164 Wn.2d 83, 186 P.3d 1062 (2008).

Two tools guide our review of Mr. Curry's request for self-representation to determine if it was equivocal. First, there is the admonition that we must indulge every reasonable presumption against the waiver of a defendant's right to counsel. Second, we

5

may compare Mr. Curry's statements with the ones deemed equivocal in *Luvene*. The

*Luvene* court held the following request for self-representation was equivocal:

> I've been here since July . . . . You know, I don't wanna sit here any longer. It's me that has to deal with this. If I'm prepared to go for myself, then that's me. You know, can't nobody tell me what I wanna do. They say I did this, so why not—if I wanna go to trial, why can't I go to trial on the date they have set for my life? I'm prepared. I'm not even prepared about that. I wanna go to trial, sir. . . .
> I don't wanna extend my time. This is out of my league for doing that. I do not want to go. If he's not ready to represent me, then forget that. But I want to go to trial on this date.

*Luvene*, 127 Wn.2d at 698. Our Supreme Court concluded these statements by Mr.

Luvene could "be seen only as an expression of frustration" with trial counsel's delay.

*Id*. at 699. There was, therefore, no valid request for self-representation and the

presumption in favor of counsel remained in place.

Both available tools militate in favor of finding Mr. Curry's request for self-

representation equivocal. This case is much like *Luvene*. Throughout his hearing, Mr.

Curry consistently asserted he had "no choice" but to ask for self-representation. Mr.

Curry never identified any strategic reason for preferring an early trial date. He was

instead resigned to just get things over with, reasoning, "I can do bad by myself."

VRP (May 7, 2015) at 7. The State argues Mr. Curry's waiver was valid, pointing out

that he repeatedly asked to represent himself even after being warned of the dangers and

6

disadvantages of doing so. The problem with the State's position is it only goes to the issue of voluntariness; it does not address the foundational issue of equivocation. Because the record as a whole raises serious doubt as to the validity of Mr. Curry's request for self-representation, the presumption against waiver favors invalidating the removal of counsel.

We note a defendant's claim that he has "no choice" but to request self-representation is not always a sign of equivocation. Criminal prosecutions are full of hard choices. For example, because a criminal defendant does not have the right to appointed counsel of his or her choice, a defendant may have to choose between the attorney selected by the court or self-representation. *See DeWeese*, 117 Wn.2d at 378. A defendant's ultimate selection is not invalid just because the choice was hard.

But a defendant concerned with trial delay is not forced to make a hard choice between competing rights. The right to a speedy trial can be harmonized with counsel's need for more time. CrR 3.3(f); *State v. Campbell*, 103 Wn.2d 1, 13-15, 691 P.2d 929 (1984). In addition, unlike truly antithetical rights, a defendant's waiver of the right to counsel does not empower the defendant to insist on a specific speedy trial date. Trial dates can be changed over a defendant's objection. *State v. Flinn*, 154 Wn.2d 193, 201, 110 P.3d 748 (2005). Because of this possibility, there is no guarantee that a defendant

7

who discharges counsel in hopes of hastening the trial process will reap any benefit.

Our opinion should not be interpreted to mean that a defendant can never make a strategic choice to waive counsel in hopes that his or her proceedings will go forward more quickly. The constitutional right to self-representation affords defendants this choice. *See Modica*, 136 Wn. App. at 442. However, for a valid waiver to occur, the record as a whole must demonstrate the defendant is clear-eyed in his strategy and not merely frustrated with the slow pace of the legal process.

Here, the record does not suggest Mr. Curry sought an early trial date for strategic reasons. He simply wanted to settle his fate as quickly as possible. Under our case law, this motivation rendered Mr. Curry's request for self-representation equivocal. The motion should have been denied and counsel retained.

## CONCLUSION

Mr. Curry's conviction is reversed, and this matter is remanded to the trial court for further proceedings.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Lawrence-Berrey, J.

8