WIGGINS, J.
¶ 1 After unsuccessfully representing himself at trial, Jerome Curry Jr. appealed his drug convictions to the Court of Appeals, challenging the trial court's decision to allow Curry to represent himself. The Court of Appeals reversed, holding that the trial court should not have granted Curry's request to proceed pro se. The State of Washington now appeals to this court. To determine whether the trial court abused its discretion when it granted Curry's request for self-representation, we must determine whether Curry's request to represent himself was unequivocal. We hold that it was. We therefore reverse the Court of Appeals and remand to the appellate court to resolve the remaining outstanding issues.
FACTS AND PROCEDURAL HISTORY
¶ 2 In 2015, Jerome Curry was facing drug charges and an approaching trial date when he was appointed a new defense attorney. Curry's new attorney determined that he would not be ready for trial by the scheduled date and thus sought a continuance. Curry was unwilling to accept a trial delay, so he asked his attorney to set a motion hearing to allow him to represent himself or, alternatively, to substitute counsel. On Curry's behalf, defense counsel filed a motion to act pro se or select new counsel. The motion explicitly stated that Curry made the request to represent himself "without any equivocation":
Mr. Curry has again requested to represent himself as a Pro Se. He states that he is expressing this desire with knowledge of the possible risks and without any equivocation. The record supports the conclusion that he does in fact understand what it means to represent himself.
Clerk's Papers (CP) at 51. The court held a hearing on the motion. The judge engaged Curry in a lengthy colloquy and ultimately granted Curry's request to proceed pro se.
¶ 3 The colloquy addressed the following subjects: confirmation of Curry's desire to proceed to trial; a recitation of the charges against Curry and the potential sentences *182 for those charges; confirmation that Curry understood the charges, potential sentences, and standard ranges; Curry's reason for wanting to proceed pro se, which was to avoid further delay; Curry's education and ability to read and write; Curry's prior experience representing himself, with mixed results; cautionary warnings about self-representation, e.g., "if you are representing yourself, you're on your own," Report of Proceedings (RP) at 10; admonition that if Curry represented himself, he "would still be required to follow the very same rules that the attorney, the prosecutor would have to follow," id. at 11; Curry's reasons for dissatisfaction with current and confirmation that Curry had not been influenced, threatened, or promised anything for representing himself, and that this was "a voluntary decision just from [Curry's] own thinking about it," id. at 14-15.
¶ 4 In addition, the trial judge repeatedly cautioned Curry that self-representation was not a wise choice: "I don't think it's a wise choice to represent yourself....You're facing a lot of downside here if convicted ... and the danger of being convicted of these matters would result in a lot of prison time." Id. at 14.
¶ 5 Curry stated several times that he felt he had "no choice" but to represent himself, id. at 4, 12, and at one point stated that "[i]t's not voluntary. It's I have no choice in the matter," id. at 19. The trial court pursued these remarks, and Curry agreed that he felt he had no choice because he did not want any more continuances of the trial date and his attorney could not be adequately prepared without one or more continuances.[1]
¶ 6 Ultimately, the trial judge granted the motion and permitted Curry to represent himself. The trial judge also assigned standby counsel and published an order that outlined the findings from the hearing, including a finding that Curry's request to proceed pro se was unequivocal.
¶ 7 Curry represented himself pro se at trial. The jury found Curry guilty on all counts. Curry appealed his convictions, claiming his request for self-representation was not unequivocal. On direct review, the Court of Appeals reversed, holding that Curry's request to represent himself was equivocal and was based on Curry's desire to avoid a trial delay and therefore should not have been granted.
¶ 8 We now reverse the Court of Appeals and hold that Curry's request to represent himself was unequivocal and that the trial court did not abuse its discretion by granting the request.
ANALYSIS
¶ 9 Criminal defendants have a right to self-representation under the Washington Constitution and the United States Constitution. State v. Madsen, 168 Wash.2d 496, 503, 229 P.3d 714 (2010) (citing WASH. CONST. art. I, § 22 ("the accused shall have the right to appear and defend in person"); Faretta v. California, 422 U.S. 806, 819, 95 S.Ct. 2525, 45 L. Ed. 2d 562 (1975) ). However, the right to self-representation is neither self-executing nor absolute. Id. at 504, 229 P.3d 714. In fact, the right to self-representation is in tension with another crucial constitutional right: a defendant's right to the assistance of counsel. State v. DeWeese, 117 Wash.2d 369, 376, 816 P.2d 1 (1991). Because of this tension, a defendant must unequivocally request to proceed pro se before he or she will be permitted to do so. Id. This requirement protects defendants from inadvertently waiving assistance of counsel and protects trial courts from "manipulative vacillations by defendants regarding representation." Id. Additionally, "a trial court must *183 establish that a defendant, in choosing to proceed pro se, makes a knowing and intelligent waiver of the right to counsel." Id. at 377, 816 P.2d 1.
¶ 10 Here, Curry contends that his request to proceed pro se was not unequivocal and that, as a result, the trial court abused its discretion when it allowed Curry to represent himself at trial.[2] The Court of Appeals reversed the trial court, finding that "[t]he qualifications attached to Mr. Curry's request for self-representation constituted equivocation." State v. Curry, 199 Wash. App. 43, 45, 398 P.3d 1146, review granted, 189 Wash.2d 1009, 403 P.3d 41 (2017). The Court of Appeals further held that when a defendant requests to proceed pro se to avoid a trial delay, it is valid only if the record as a whole "demonstrate[s] the defendant is clear eyed in his strategy and not merely frustrated with the slow pace of the legal process." Id. at 50, 398 P.3d 1146.
¶ 11 The State appealed, again on the narrow question of whether Curry's request to represent himself was unequivocal. We hold that the trial court did not abuse its discretion in granting Curry's request to represent himself, and thus we reverse and remand to the Court of Appeals to resolve the remaining issues.
I. Abuse of Discretion
¶ 12 We review a trial court's decision to grant or deny a defendant's request to proceed pro se for abuse of discretion. Madsen, 168 Wash.2d at 504, 229 P.3d 714. A trial court has abused its discretion if its decision "is manifestly unreasonable or 'rests on facts unsupported in the record or was reached by applying the wrong legal standard.' " Id. (quoting State v. Rohrich, 149 Wash.2d 647, 654, 71 P.3d 638 (2003) ).
¶ 13 A trial judge afforded discretion is not free to act at whim or in boundless fashion, and discretion does not allow the trial judge to make any decision he or she is inclined to make:
"The judge, even when he is free, is still not wholly free. He is not to innovate at pleasure. He is not a knight-errant roaming at will in pursuit of his own ideal of beauty or of goodness. He is to draw his inspiration from consecrated principles. He is not to yield to spasmodic sentiment, to vague and unregulated benevolence. He is to exercise a discretion informed by tradition, methodized by analogy, disciplined by system, and subordinated to 'the primordial necessity of order in the social life.' Wide enough in all conscience is the field of discretion that remains."
Coggle v. Snow, 56 Wash. App. 499, 504-05, 784 P.2d 554 (1990) (quoting BENJAMIN CARDOZO, THE NATURE OF THE JUDICIAL PROCESS 141 (1921) ). But, within bounds set by case law and statute, the grant of discretion is broad: "Affording discretion to a trial court allows the trial court to operate within a 'range of acceptable choices.' " State v. Sisouvanh, 175 Wash.2d 607, 623, 290 P.3d 942 (2012) (internal quotation marks omitted) (quoting Rohrich, 149 Wash.2d at 654, 71 P.3d 638 ).
¶ 14 Thus, we give great deference to the trial court's determination: even if we disagree with the trial court's ultimate decision, we do not reverse that decision unless it falls outside the range of acceptable choices because it is manifestly unreasonable, rests on facts unsupported by the record, or was reached by applying the wrong legal standard. See State v. Dye, 178 Wash.2d 541, 548, 309 P.3d 1192 (2013).
¶ 15 We must remain mindful of several factors when reviewing a trial court's decision to grant or deny self-representation for abuse of discretion. First, the trial court is in a favorable position compared to that of an appellate court. Trial judges have far more experience considering requests to proceed pro se and are better equipped to balance the competing considerations. State v. McKenzie, 157 Wash.2d 44, 52, 134 P.3d 221 (2006) (stating that " 'the trial judge,' having 'seen and heard' the proceedings 'is in a *184 better position to evaluate and adjudge than can we from a cold, printed record' " (quoting State v. Wilson, 71 Wash.2d 895, 899, 431 P.2d 221 (1967) ) ). Additionally, trial courts have the benefit of observing the behavior and characteristics of the defendant, the inflections and language used to make the request, and the circumstances and context in which it was made. See id.
¶ 16 Second, whether a request for self-representation is unequivocal must be determined on a case-by-case basis, considering the circumstances, the defendant, and the request. Sisouvanh, 175 Wash.2d at 621-22, 290 P.3d 942 (applying an abuse of discretion standard when "a determination is fact intensive and involves numerous factors to be weighed on a case-by-case basis" (citing In re Parentage of Jannot, 149 Wash.2d 123, 127, 65 P.3d 664 (2003) ; State v. Garza, 150 Wash.2d 360, 366, 77 P.3d 347 (2003) ) ). The decision is inevitably fact intensive and involves the weighing of numerous factors. See DeWeese, 117 Wash.2d at 378, 816 P.2d 1 (noting that the validity of a waiver of counsel depends on the facts of the case and that "there is no checklist of the particular legal risks and disadvantages attendant to waiver which must be recited to the defendant").
¶ 17 Third, a generally applicable rule cannot be effectively constructed. Sisouvanh, 175 Wash.2d at 621-22, 290 P.3d 942. This is because the decision is fact specific and the extent of the trial court's discretion is partially tied to the timing of a defendant's request to proceed pro se. State v. Breedlove, 79 Wash. App. 101, 107, 900 P.2d 586 (1995) (discretion of a trial court "lies along a continuum that corresponds with the timeliness of the request to proceed pro se"); State v. Fritz, 21 Wash. App. 354, 361, 585 P.2d 173 (1978). Accordingly, we have not articulated a bright-line rule instructing the trial court when to grant and when to deny a request for self-representation, nor is it pragmatic to do so.
¶ 18 Under an abuse of discretion standard, we do not reverse a trial court's decision unless the trial court applied the wrong legal standard, based its decision on facts unsupported by the record, or made a decision that is manifestly unreasonable-even if we may have reached a different conclusion on de novo review. With these considerations in mind, we now examine whether the trial court abused its discretion when it granted Curry's request for self-representation.
II. A Request for Self-Representation Must Be Unequivocal
¶ 19 Trial courts must "indulge in 'every reasonable presumption against a defendant's waiver of his or her right to counsel' " before granting a defendant's request to waive the right to assistance of counsel and proceed pro se. Madsen, 168 Wash.2d at 504, 229 P.3d 714 (internal quotation marks omitted) (quoting In re Det. of Turay, 139 Wash.2d 379, 396, 986 P.2d 790 (1999) ). This requires the court to engage in a two-step determination. First, the court must determine whether the request for self-representation is timely and unequivocal. Id. If the request for self-representation is untimely or equivocal, the defendant's right to counsel remains in place and the trial court must deny the request to proceed pro se. State v. Woods, 143 Wash.2d 561, 587-88, 23 P.3d 1046 (2001). Second, if the request is timely and unequivocal, the court must then determine whether the request is also voluntary, knowing, and intelligent.[3] Madsen, 168 Wash.2d at 504, 229 P.3d 714.
¶ 20 The threshold issues of timeliness and equivocality focus on the nature of the request itself-if, when, and how the defendant made a request for self-representation-not on the motivation or purpose behind the request. Adams v. Carroll, 875 F.2d 1441, 1444 (9th Cir. 1989).
¶ 21 The requirement that a defendant's request for self-representation be unequivocal serves dual purposes. First, it protects defendants from inadvertently waiving their right to counsel through spontaneous expressions of frustration or "occasional musings on the benefits of self-representation." Id. Second, the requirement "prevents a defendant from taking advantage of the mutual exclusivity *185 of the rights to counsel and self-representation." Id.
¶ 22 The competing rights to counsel and self-representation can place the trial court in a difficult position: if the trial court " 'too readily accedes to the request, an appellate court may reverse, finding an ineffective waiver of the right to counsel. But if the trial court rejects the request, it runs the risk of depriving the defendant of his right to self-representation.' " DeWeese, 117 Wash.2d at 377, 816 P.2d 1 (quoting State v. Imus, 37 Wash. App. 170, 179-80, 679 P.2d 376 (1984) ). Requiring an unequivocal request for self-representation "resolves this dilemma by forcing the defendant to make an explicit choice. If he equivocates, he is presumed to have requested the assistance of counsel." Adams, 875 F.2d at 1444.
¶ 23 To determine if a request for self-representation was unequivocal, the court must in fact answer two questions: (1) Was a request made? If so, (2) was that request unequivocal? Accordingly, when determining whether the defendant made an unequivocal request for self-representation, the trial court must focus on if and how the request was made and on the nature of the request. In doing so, the court should examine the "facts and circumstances" of the case, DeWeese, 117 Wash.2d at 378, 816 P.2d 1, while indulging in " 'every reasonable presumption against a defendant's waiver of his or her right to counsel,' " Madsen, 168 Wash.2d at 504, 229 P.3d 714 (internal quotation marks omitted) (quoting Turay, 139 Wash.2d at 396, 986 P.2d 790 ).
¶ 24 To determine whether a request was made, the court can consider the following nonexclusive factors: (1) how the request was made-for example, was the request made formally in a motion or spontaneously at a hearing?, compare Madsen, 168 Wash.2d 496, 229 P.3d 714, with State v. Luvene, 127 Wash.2d 690, 903 P.2d 960 (1995) ; (2) the language used in the actual request-for example, was the defendant asking to proceed pro se or expressing frustration?, compare Madsen, 168 Wash.2d 496, 229 P.3d 714, with Luvene, 127 Wash.2d 690, 903 P.2d 960 ; and (3) the context surrounding the request-for example, was the request made after counsel sought a continuance or because of a disagreement regarding strategy?, see State v. Modica, 136 Wash. App. 434, 149 P.3d 446 (2006), aff'd, 164 Wash.2d 83, 186 P.3d 1062 (2008) ; DeWeese, 117 Wash.2d 369, 816 P.2d 1.
¶ 25 In Woods, we held that a defendant's statement was not a request for self-representation but merely an expression of frustration. 143 Wash.2d at 587, 23 P.3d 1046. There, the defendant interjected during a hearing on a motion for continuance to say that he would " 'be prepared to proceed ... with this matter here without counsel' " on its scheduled date. Id. at 574, 23 P.3d 1046. We held that "telling a trial judge [the defendant] 'will be prepared to proceed without counsel' is qualitatively different from telling a judge that one wishes to proceed pro se," and that the defendant's comments were "not an expression of an unequivocal desire to represent himself." Id. at 588, 23 P.3d 1046.
¶ 26 The defendant in Luvene also expressed frustration rather than unequivocally requesting self-representation. At a hearing, Luvene's counsel requested a trial continuance. Luvene objected to the continuance, stating:
"I've been here since July. ... You know, I don't wanna sit here any longer. It's me that has to deal with this. If I'm prepared to go for myself, then that's me. You know, can't nobody tell me what I wanna do. They say I did this, so why not-if I wanna go to trial, why can't I go to trial on the date they have set for my life? I'm prepared. I'm not even prepared about that. I wanna go to trial, sir. ...
"I don't wanna extend my time. This is out of my league for doing that. I do not want to go. If he's not ready to represent me, then forget that. But I want to go to trial on this date."
Luvene, 127 Wash.2d at 698, 903 P.2d 960. We held that Luvene's statements were an "expression of frustration" with the delay in trial, not an unequivocal assertion of Luvene's right to self-representation. Id. at 699, 903 P.2d 960.
¶ 27 When determining whether a defendant's request to proceed pro se is *186 unequivocal, the court must also examine the nature of the request. Relevant considerations include whether the request was made as an alternative to other, preferable options and whether the defendant's subsequent actions indicate the request was unequivocal. These factors are not dispositive, though they should be considered. An otherwise unequivocal request to proceed pro se is valid even if combined with an alternative request for new counsel; but such a request "may be an indication to the trial court, in light of the whole record, that the request is not unequivocal." State v. Stenson, 132 Wash.2d 668, 740-41, 940 P.2d 1239 (1997). And if the defendant makes an explicit request to proceed pro se, that request is not necessarily rendered equivocal simply because it is motivated by a purpose other than a desire to represent him- or herself, such as frustration with the speed of trial or an attorney's performance. Modica, 136 Wash. App. 434, 149 P.3d 446.
¶ 28 For example, in Modica, the Court of Appeals held that the trial court did not abuse its discretion in allowing the defendant to represent himself, even though frustration in a trial delay motivated the request. Id. There, the defendant was dismayed when his attorney sought a six-week continuance. Id. at 439, 149 P.3d 446. Modica asked to proceed pro se, and after a lengthy colloquy, the trial court granted his request. Id. at 440, 149 P.3d 446. Modica reaffirmed his desire to represent himself multiple times until the day after the jury was impaneled when he moved for reappointment of counsel. Id. The trial court denied the motion. Id.
¶ 29 The Court of Appeals held that Modica had made an unequivocal request to waive his right to counsel and proceed pro se, regardless of his motivation: "Here, Modica made a strategic choice to assert his right to self-representation in order to proceed to trial more quickly than the four to six weeks it would take his new attorney to adequately prepare. Whatever his underlying motivation for doing so, his request was clear and unequivocal." Id. at 442, 149 P.3d 446 (footnote omitted).
¶ 30 Similarly, in DeWeese, we held that the trial court did not abuse its discretion by allowing the defendant to represent himself, even though the defendant's request was motivated by frustration with the attorney's performance and was accompanied by a request that counsel be replaced, because his request was unequivocal and otherwise proper. 117 Wash.2d at 377, 816 P.2d 1.
¶ 31 This court has not provided an explicit definition of what qualifies as an unequivocal request for self-representation. However, we adopt the Ninth Circuit's articulation: an unequivocal request to proceed pro se requires a defendant to "make an explicit choice between exercising the right to counsel and the right to self-representation so that a court may be reasonably certain that the defendant wishes to represent himself." United States v. Arlt, 41 F.3d 516, 519 (9th Cir. 1994). To be reasonably certain that the defendant wishes to represent himself, the trial court must first determine whether a request for self-representation was made at all and, if so, whether that request reflected a desire to exercise the right to self-representation. Further, the trial court must make these determinations on a case-by-case basis, taking into consideration the circumstances of each request.
III. The Trial Court Did Not Abuse Its Discretion When It Granted Curry's Request To Proceed Pro Se
¶ 32 We hold that Curry's request to represent himself was unequivocal and that the trial court did not abuse its discretion. Here, the trial court's decision was made using the correct legal standard, was supported by substantial evidence, and was reasonable. Rohrich, 149 Wash.2d at 654, 71 P.3d 638. As a result, we reverse the Court of Appeals.
A. The trial court applied the correct legal standard
¶ 33 The trial court based its decision on the correct legal standard. A defendant's waiver of the right to counsel and request to proceed pro se must be timely, unequivocal, voluntary, knowing, and intelligent. Madsen , 168 Wash.2d at 504, 229 P.3d 714. At issue *187 here is whether Curry's request was unequivocal.
¶ 34 Here, the trial judge was clearly aware of and applied the correct legal standard to Curry's request for self-representation. An oral proclamation from the judge that a request for self-representation is unequivocal is not required if the record reflects that the judge applied the correct requirement. See DeWeese, 117 Wash.2d at 378, 816 P.2d 1 (colloquy not required, but in absence of colloquy, record must reflect minimum requirements of valid waiver). Here, the trial court did not state on the record that it had found Curry's request unequivocal, but the record reflects the trial court's implicit finding of unequivocality. Curry's motion to proceed pro se, the colloquy that occurred at the hearing on the motion, and the subsequent order written by the trial judge confirm that the judge was aware of and applied the correct legal standard when making this decision.
¶ 35 First, the motion filed on Curry's behalf outlined the relevant legal standards and then declared that those standards were met.[4] Second, during the hearing on Curry's request to proceed pro se, the trial court engaged Curry in an extensive colloquy regarding his wish to represent himself. The trial court inquired about Curry's motivation, his education, his knowledge of trial procedures, his experience representing himself in other matters, and whether he was threatened or promised anything by any outside sources or if the decision was his alone. The trial court also ensured that Curry was aware of his possible prison time if convicted and was "aware that there are dangers and pitfalls of self-representation." RP at 18.
¶ 36 Third, after orally granting Curry's request to represent himself, the trial court filed an order appointing Curry backup counsel. This order outlines the trial judge's findings with respect to Curry's self-representation, including the unequivocal nature of Curry's request:
Jerome J. Curry's motion to proceed pro se was granted on May 7th, 2015. The Court engaged in a colloquy with Mr. Curry on that same date. Mr. Curry was fully advised of the following:
1) He has a right to appointed counsel;
2) He has a right to hire counsel of his choice;
3) Self representation cannot be used to disrupt or delay proceedings;
4) His request to proceed pro se with standby counsel is unequivocal; and
5) He will be held to the standard of an attorney for all proceedings in this matter.
CP at 61. Here, the trial court applied the correct legal standard: the trial court held a hearing on Curry's motion, engaged in a colloquy that touched on each of the requirements of a valid waiver of the right to counsel and request to proceed pro se, and filed an order addressing the requirements.
B. Substantial evidence supports the trial court's decision
¶ 37 The trial court's decision is supported by substantial evidence. On April 24, 2015, Curry asked that his appointed counsel set a motion hearing to allow him to represent himself or, in the alternative, to select new counsel. On April 30, 2015, Curry's appointed counsel filed a motion to act pro se or select new counsel. After explaining the factual circumstances and relevant law, the motion stated that "Curry has again requested to represent himself as a Pro Se," and it described the request as having been made "with knowledge of the possible risks and without any equivocation." CP at 51. While Curry's counsel drafted the motion, the colloquy between Curry and the court at the hearing on the motion makes clear that Curry himself was indeed making this request.
¶ 38 For example, when the court asked Curry why he wanted to represent himself, Curry responded that he did not want the *188 trial "to be delayed any more, because I have obligations that I need to continue from on the streets. And, you know, if I can't continue my obligations that I need to do, you know, I might as well just do them myself. I can do bad by myself." RP at 7.
¶ 39 The trial court encouraged Curry to accept the help of counsel, and when the court asked Curry why he thought he was better off representing himself instead of proceeding with an attorney, Curry responded:
Because I basically, I mean, if I've got to sit and wait until the end of June, I might as well go ahead by myself. Because I-I mean, send me to prison or release me. One of the two. I mean, I ain't got time to sit here. I mean, I have obligations on the streets. I'm losing my home. And if I've got to lose my home, I might as well defend my own self.
Id. at 13. The court further discouraged Curry, urged him to stay with counsel, reiterated the risk of prison time, and stated that self-representation is not a wise choice. Curry replied, "Yes, but at-if we've got to go past June 1st, I'd rather just do it myself." Id. at 14. Additionally, Curry stated that no one was pressuring or promising him anything to represent himself and that it "[s]ort of, kind of, yes" was a voluntary decision. Id. at 14-15.
¶ 40 Additionally, Curry represented himself in an earlier trial and he indicated that he understood his responsibility for following the rules of procedure and evidence. The trial court noted that
Mr. Curry has had the benefit of that experience. ... Mr. Curry is saying he's-he would prefer to represent himself given the current dates and time frames of these particular matters before the court. Mr. Curry further indicates that he's aware that there are dangers and pitfalls of self-representation, as I've described.
Id. at 18. When asked if that was right, Curry responded, "Yes." Id.
¶ 41 The record gives no indication that Curry's request was inadvertent or accidental; it was not simply an "expression of frustration," though frustration may have been the motivation; and it was not a spontaneous comment or a musing on the benefits of self-representation. Curry repeatedly expressed a desire to represent himself. He made a request to proceed pro se in a written motion, which he discussed at length with the trial judge in a scheduled hearing. Accordingly, the trial court's decision is supported by substantial evidence.
C. The trial court's decision was reasonable.
¶ 42 "A manifestly unreasonable decision is one that is 'outside the range of acceptable choices, given the facts and the applicable legal standard ....' " Dye , 178 Wash.2d at 555, 309 P.3d 1192 (quoting In re Marriage of Littlefield, 133 Wash.2d 39, 47, 940 P.2d 1362 (1997) ).
¶ 43 Here, given the facts and the applicable legal standard, the trial judge's decision to allow Curry to represent himself was reasonable. It is true that Curry did not seek to represent himself for a strategic reason or because of a difference in opinion with, his attorney regarding how the case ought to be argued. He sought to represent himself to avoid delaying his trial date. However, unlike Luvene, in which the defendant's statement regarding self-representation amounted only to an expression of frustration, here, Curry made an unequivocal request to proceed pro se, regardless of his motivation. Curry was warned that it was unwise for him to represent himself, he was aware of the potential sentence that his charges carried, he was not being pressured by any outside source, and he nonetheless made a clear request to represent himself. Under these circumstances, the trial court made a reasonable determination that Curry's request to proceed pro se unequivocal.
CONCLUSION
¶ 44 The trial court applied the correct legal standard, and its decision to grant Curry's request for self-representation was reasonable and supported by substantial evidence. Accordingly, the trial court did not abuse its discretion by granting Curry's request for self-representation. The Court of Appeals, in reaching its decision, found it *189 unnecessary to consider the remaining requirements to allow self-representation or several other issues raised by Curry on appeal. Accordingly, we reverse and remand to the Court of Appeals to resolve the remaining outstanding issues and for other proceedings consistent with this opinion.
WE CONCUR.

When Curry stated he had "no choice," the trial judge sought clarification:
THE COURT: Well, it's either your freewill choice of doing this, or somehow there's been some pressure put on you. And the only pressure I recall you saying is the time pressure; that is, that you believe you don't have a choice because you don't want an extension of the trial date, since you have other affairs that you believe you need to take care of. And you'd rather have an outcome quicker rather than later on. That's what I understand you to say. Is that accurate?
THE DEFENDANT: That's-that's accurate.
THE COURT: Okay. So, with all that, the court finds it is appropriate to permit Mr. Curry to represent himself.
RP (May 7, 2015) at 19.

Curry does not assert a violation of his right to a speedy trial, nor did he challenge his convictions on the grounds that his request for self-representation was not voluntary, intelligent, or knowing. However, Curry did challenge his convictions on grounds unrelated to his self-representation, which the Court of Appeals did not reach and which were not raised here.

We do not address whether Curry's request was timely or whether his waiver of counsel was knowing, voluntary, and intelligent because those issues were not raised in this appeal.

The motion stated:
Mr. Curry has again requested to represent himself as a Pro Se. He states that he is expressing this desire with knowledge of the possible risks and without any equivocation. The record supports the conclusion that he does in fact understand what it means to represent himself.
CP at 51.