# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50352-2-II |
| Respondent, | |
| v. | |
| ANTONIO DEJON EPPS, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J. — Antonio D. Epps appeals from his sentences for third degree rape, first degree burglary, and violations of no-contact orders. Epps argues that the sentencing court improperly denied his request to represent himself at sentencing. Epps also seeks to have certain legal financial obligations (LFOs) stricken. Because Epps did not make an unequivocal request to represent himself, we affirm his sentences. But we remand to the sentencing court to strike the deoxyribonucleic acid (DNA) database fee, the criminal filing fee, and the interest accrual provision.

FACTS

The State charged Epps with third degree rape, first degree burglary with sexual motivation, violation of a domestic violence court order with sexual motivation, and violation of a sexual assault protection order. On June 23, 2016, the trial court entered an order for a competency evaluation under RCW 10.77.060. A licensed psychologist found Epps competent to stand trial. A jury trial was held.

During the proceedings, Epps frequently expressed frustration with his attorney and interrupted. The trial court told him multiple times that he needed to act respectfully in the courtroom.

A jury convicted Epps of all four counts, but the jury declined to find that the burglary was sexually motivated. The jury was not asked to return a special verdict as to whether Epps's violation of the no-contact order was sexually motivated.

Before sentencing, defense counsel requested that the sentencing court enter an order for a competency evaluation because Epps "exhibits denial and confusion of incontr[o]vertible facts i.e. counts he was convicted of, what he was convicted of, the fact that his trial is over." Clerk's Papers at 66. The sentencing court entered another order for a competency evaluation under RCW 10.77.060. After receiving the second evaluation, the sentencing court found Epps competent. At the start of the sentencing hearing, the sentencing court addressed Epps's competency with defense counsel and Epps interrupted.

> [Defense Counsel:] I do not disagree with the findings of the doctor. I have no basis to disagree with it, and so I have signed the order finding Mr. Epps competent to proceed.
> [Court:] Is that among the documents that have been handed forward? I see now that it is.
> [Epps:] It's the same doctor from last time, and it's not cool and it's not fair and it's against my rights, and I didn't get my preliminary hearing and I already said I wanted a new attorney, and I said --
> [Court:] Mr. Epps, I --
> [Epps:] *I said I wanted to go pro se.*
> [Court:] Mr. Epps, no.
> [Epps:] No what?
> [Court:] We'll give you the opportunity to address the Court. Now is not that opportunity.
> [Epps:] Yes, it is.
> [Court:] I have signed the order finding Mr. Epps competent. Are there any objections or exceptions to be made by either attorney to the pre-sentence investigation?

Verbatim Report of Proceedings (VRP) (May 12, 2017) at 3-4 (emphasis added). Later, the sentencing court gave Epps the opportunity to address the court, but Epps did not discuss wanting to represent himself.

## ANALYSIS

### I. RIGHT TO SELF-REPRESENTATION

Epps argues that his request to represent himself at sentencing was unequivocal and timely, and the sentencing court violated his constitutional right to self-representation by flatly denying Epps's request to represent himself. We disagree.

#### A. STANDARD OF REVIEW AND PRINCIPLES OF LAW

We review a sentencing court's decision to deny a defendant's request to proceed as a self-represented litigant for abuse of discretion. *State v. Curry*, 191 Wn.2d 475, 483, 423 P.3d 179 (2018). A sentencing court abuses its discretion if its decision "'is manifestly unreasonable or rests on facts unsupported in the record or was reached by applying the wrong legal standard.'" *Curry*, 191 Wn.2d at 484 (internal quotation marks omitted) (quoting *State v. Madsen*, 168 Wn.2d 496, 504, 229 P.3d 714 (2010)).

Criminal defendants have a right to self-representation under art. I, section 22 of the Washington Constitution and under the Sixth Amendment of the United States Constitution. *Curry*, 191 Wn.2d at 482. "This right is so fundamental that it is afforded despite its potentially detrimental impact on both the defendant and the administration of justice." *Madsen*, 168 Wn.2d at 503. However, the right to self-representation is not self-executing nor absolute. *Curry*, 191 Wn.2d at 482. We indulge in "'every reasonable presumption against a defendant's waiver of his

or her right to counsel.'" *Madsen*, 168 Wn.2d at 504 (internal quotation marks omitted) (quoting *In re Det. of Turay*, 139 Wn.2d 379, 396, 986 P.2d 790 (1999)).

When a defendant requests to proceed as a self-represented litigant, the request must be unequivocal and timely. *Madsen*, 168 Wn.2d at 504. The issues of equivocality and timeliness focus on if, when, and how the defendant made a request, but not on the request's motivation or purpose. *Curry*, 191 Wn.2d at 486-87. If the request is equivocal or untimely, "the defendant's right to counsel remains in place and the trial court must deny the request to proceed pro se." *Curry*, 191 Wn.2d at 486. If an unequivocal request is not made, the trial court is not required to engage in a colloquy. *State v. Woods*, 143 Wn.2d 561, 587, 23 P.3d 1046 (2001).

But if the request is unequivocal and timely, "the court must then determine whether the request is also voluntary, knowing, and intelligent." *Curry*, 191 Wn.2d at 486; *Madsen*, 168 Wn.2d at 504-05 ("The grounds that allow a court to deny a defendant the right to self-representation are limited to a finding that the defendant's request is equivocal, untimely, involuntary, or made without a general understanding of the consequences." This finding must be based an identifiable fact.).

B. UNEQUIVOCAL REQUEST

Epps argues that his request to proceed as a self-represented litigant at sentencing was unequivocal, but he does not explain why it was unequivocal. Based on his statement that his request was unequivocal, Epps continues to argue that since the sentencing court found him competent, the sentencing court abused its discretion by denying Epps's request "without exploring his right to self-represent through the required colloquy." Br. of Appellant at 11. Epps's

argument fails because the record does not show that he made a request to self-represent at sentencing.

Our Supreme Court has adopted the Ninth Circuit's articulation of an unequivocal request that "requires a defendant to 'make an explicit choice between exercising the right to counsel and the right to self-representation so that a court may be reasonably certain that the defendant wishes to represent himself.'" *Curry*, 191 Wn.2d at 490 (quoting *United States v. Arlt*, 41 F.3d 516, 519 (9th Cir. 1994). "To determine if a request for self-representation was unequivocal, the court must in fact answer two questions: (1) Was a request made? If so, (2) was that request unequivocal?" *Curry*, 191 Wn.2d at 487. To determine whether a request was made, the trial court can consider

> how the request was made—for example, was the request made formally in a motion or spontaneously at a hearing? . . . the language used in the actual request— for example, was the defendant asking to proceed pro se or expressing frustration? . . . [and] the context surrounding the request—for example, was the request made after counsel sought a continuance or because of a disagreement regarding strategy?

*Curry*, 191 Wn.2d at 488.

In *State v. Luvene*, defense counsel requested a trial continuance. 127 Wn.2d 690, 698, 903 P.2d 960 (1995). Luvene opposed this and stated,

> "I've been here since July. . . . You know, I don't wanna sit here any longer. It's me that has to deal with this. If I'm prepared to go for myself, then that's me. You know, can't nobody tell me what I wanna do. They say I did this, so why not—if I wanna go to trial, why can't I go to trial on the date they have set for my life? I'm prepared. I'm not even prepared about that. I wanna go to trial, sir. . . .
> "I don't wanna extend my time. This is out of my league for doing that. I do not want to go. If he's not ready to represent me, then forget that. But I want to go to trial on this date."

*Luvene*, 127 Wn.2d at 698. Our Supreme Court said that these statements, taken in the context of the record as a whole, could be seen as an expression of frustration with the delay in trial and not as an unequivocal request to proceed as a self-represented litigant. *Luvene*, 127 Wn.2d at 699;

5

*State v. Modica*, 136 Wn. App. 434, 441, 149 P.3d 446 (2006) ("A criminal defendant who desires to waive the right to counsel and proceed pro se must make an affirmative demand, and the demand must be unequivocal in the context of the record as a whole."), *aff'd*, 164 Wn.2d 83, 186 P.3d 1062 (2008).

Likewise, here, considering the record as a whole, Epps did not make an unequivocal request, let alone an affirmative demand, for self-representation at sentencing. Epps made the statement spontaneously while the sentencing court and defense counsel were discussing Epps's competency to proceed with sentencing. Epps had also frequently interrupted the proceedings. When considering the language used, Epps stated, "It's the same doctor from last time, and it's not cool and it's not fair and it's against my rights, and I didn't get my preliminary hearing and I already said I wanted a new attorney, and I said . . . I said I wanted to go pro se." VRP (May 12, 2017) at 3-4. Epps only stated in the past tense, "I said I wanted to go pro se" and this past tense statement is not a request to represent himself at sentencing. VRP (May 12, 2017) at 4.

Considering the context of the statement as a whole, "I said I wanted to go pro se" can be seen merely as an expression of frustration with the proceedings and the competency determination, rather than a request to proceed as a self-represented litigant.

Furthermore, the sentencing court responded, "We'll give you the opportunity to address the [c]ourt. Now is not that opportunity." VRP (May 12, 2017) at 4. The sentencing court later gave Epps an opportunity to address the court, but Epps made no further mention of self-representation. Thus, with the presumption against a defendant's waiver of his right to counsel, we hold that Epps's argument fails because he did not make a request, let alone an unequivocal request, to proceed as a self-represented litigant. Since Epps did not actually make a request, the

sentencing court was not required to engage in a colloquy. We hold that the sentencing court did not abuse its discretion.[1]

## II. LEGAL FINANCIAL OBLIGATIONS

Epps challenges the sentencing court's imposition of the $100 DNA database fee and the $200 criminal filing fee that were mandatory costs at the time of sentencing. The State concedes and we accept the State's concession on this issue.

The legislature recently amended RCW 43.43.7541 and RCW 36.18.020(2)(h). LAWS OF 2018, ch. 269, § 18, 17. As a result, RCW 43.43.7541 prohibits assessment of the $100 DNA fee against a defendant who had previously provided a DNA sample because of a prior conviction. Also, RCW 36.18.020(2)(h) prohibits the sentencing courts from imposing the $200 filing fee on indigent defendants. These statutory amendments apply prospectively to cases pending on appeal. *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018).

Epps has a prior adult felony conviction in Washington from 2010, and therefore we infer his DNA has been previously collected. *See* RCW 43.43.7541. The sentencing court also found Epps indigent at sentencing. The State adds that the sentencing court should also strike the interest accrual provision. Epps's judgment and sentence contains an interest accrual provision. Recently amended RCW 10.82.090 eliminates any interest accrual on nonrestitution LFOs as of June 7, 2018. LAWS OF 2018, ch. 269, § 1.

---

[1] Because we hold that Epps did not make an unequivocal request to represent himself, we do not reach Epps's argument that his request was timely.

Thus, we remand to the sentencing court to strike the DNA database fee, the criminal filing fee, and the interest accrual provision to the extent it applies to nonrestitution LFOs after June 7, 2018, and to amend the judgment and sentence accordingly.

## CONCLUSION

We hold that Epps did not make any request for self-representation at sentencing, much less an unequivocal request. Therefore, the sentencing court did not abuse its discretion. We affirm Epps's sentences, but we remand for the sentencing court to strike the DNA database fee, the criminal filing fee, and the interest accrual provision.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

MAXA, C.J.

LEE, J.