# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>JONATHAN JAYMES WALLIN,<br><br>                          Petitioner. | No. 56421-1-II<br><br><br>UNPUBLISHED OPINION |

VELJACIC, J. — In this timely personal restraint petition (PRP), Jonathan J. Wallin seeks relief from personal restraint imposed following his convictions for two counts of assault in the second degree with firearm enhancements, one count of malicious mischief in the second degree with a firearm enhancement, one count of unlawful possession of a firearm in the second degree, and two counts of witness tampering.[1] He contends he was denied his right to counsel, right to self-representation, and his right to effective assistance of appellate counsel.

We hold that Wallin fails to show any grounds for relief from personal restraint. Accordingly, we deny his petition.

## FACTS

### I.    BACKGROUND FACTS

The State charged Wallin with two counts of assault in the second degree with firearm enhancements, one count of malicious mischief in the second degree with a firearm enhancement,

---

[1] The trial court also convicted Wallin of unlawful possession of a controlled substance, but that conviction was vacated in October 2021 in light of *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).

one count of unlawful possession of a firearm in the second degree, one count of unlawful possession of a controlled substance, and two counts of witness tampering.

II.    PRE-TRIAL HEARING

At an April 25, 2018 preliminary hearing, defense counsel, Karrie Young (now known as Karrie Young Pratt), stated that the day before she had a difficult time communicating effectively with Wallin.  Young expressed concern about adequately representing Wallin and that Wallin talked about two other attorneys he would like to take Young's place.

The trial court questioned Wallin about the difficulty that he was having with his attorney. Wallin stated that the two did not see "eye- to-eye" in defense strategy.  PRP Ex. C (Report of Proceedings (RP) (Apr. 25, 2018)) at 4.  Wallin also discussed counsel's lack of motions to exclude evidence, not having opening argument prepared for trial already, not informing him what his sentence would be, not advocating more diligently for a plea offer, not providing him with discovery materials, and not advocating for a lower bail amount.

The trial court addressed each of Wallin's concerns and ultimately stated, "I am not hearing anything that would justify appointment of new counsel."  PRP Ex. C (RP (Apr. 25, 2018)) at 8. The court continued, "when attorneys and their clients begin having difficulty communicating and . . . they don't agree upon trial strategies . . . that's not a reason to appoint new counsel."  PRP Ex. C (RP (Apr. 25, 2018)) at 8.  The court then stated that Young was a competent attorney and there was "no question" in the court's mind that she was doing everything necessary to provide Wallin with effective representation.  PRP Ex. C (RP (Apr. 25, 2018)) at 9.

The parties agreed to a May 8, 2018 trial date.  Wallin then asked to represent himself.

The trial court asked Wallin about his knowledge of legal proceedings.  Wallin responded that he had a high school education, some college, and was reading law books.  The court inquired

whether Wallin could be ready for trial on the scheduled trial date. Wallin responded no. But stated "I've not signed my speedy trial rights or anything yet." PRP Ex. C (RP (Apr. 25, 2018)) at 11. The court asked Wallin if he understood the rules of evidence and how to get evidence admitted. Wallin again responded no.

The court commented that Young would be a better option than Wallin acting pro se, Wallin replied that he actually was going to try and "get appointed a different attorney." PRP Ex. C (RP (Apr. 25, 2018)) at 12. The court then stated, "I've determined that you're not entitled to a different attorney at this point in time . . . you are being effectively represented by a competent attorney. That's what the law requires . . . and that's what you are receiving." PRP Ex. C (RP (Apr. 25, 2018)) at 12.

The trial court asked the State about Wallin's offender score and sentencing range. The court advised Wallin that if he was convicted he was facing "15 or 20 years in prison" and then asked "you're telling me that . . . you think you want to represent yourself with . . . the stakes being that high? Are you sure that's what you want to do?" PRP Ex. C (RP (Apr. 25, 2018)) at 15. Wallin responded, "If that's going to get me some more time to buy a private attorney." PRP Ex. C (RP (Apr. 25, 2018)) at 15. The court then denied his request to proceed pro se, finding it was a "delay tactic so that [Wallin could] try to scrape up money to hire a lawyer." PRP Ex. C (RP (Apr. 25, 2018)) at 15.

The trial court asked Wallin if he wanted to continue to discuss proceeding pro se. Wallin responded no. The court inquired again if Wallin wanted to continue to discuss proceeding pro se, and Wallin again answered no.

In a declaration filed in response to Wallin's filing a PRP, Young declared that while her and Wallin had some difficulties in communicating they were able to resolve those differences and

that "there was never a complete breakdown in communication." Response to PRP Ex. 2 (Declaration of Karrie Young Pratt) at 1

III.    TRIAL AND APPEAL[2]

Wallin proceeded to trial. The jury found Wallin guilty as charged. Wallin appealed his convictions, arguing the trial court violated his federal Sixth Amendment right to confrontation when it admitted Ancy Blackburn's out-of-court statements, the court abused its discretion when it excluded evidence of Jace Blackburn's and Lloyd Nunez's gang affiliations, the State failed to present sufficient evidence to support his possession of a controlled substance conviction, the controlled substance definitional instruction was erroneous, and his two witness tampering convictions violated double jeopardy. We affirmed his convictions. And we issued a mandate on November 25, 2020. Wallin filed this timely PRP on November 22, 2021.

ANALYSIS

Wallin contends he was denied his state and federal constitutional rights to counsel, self-representation, and effective assistance of appellate counsel. We disagree.

I.    PRP LEGAL PRINCIPLES

We may grant relief to a personal restraint petitioner who is unlawfully restrained. RAP 16.4(a). "Relief by way of a collateral challenge to a conviction is an 'extraordinary' remedy for which petitioners must overcome a 'high standard before [we] will disturb an otherwise settled judgment.'" *In re Pers. Restraint of Davis,* 200 Wn.2d 75, 80, 514 P.3d 653 (2022) (internal quotation marks omitted) (quoting *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013)). To prevail in a PRP, a petitioner must establish by a preponderance of the evidence

---

[2] *See State v. Wallin*, No 51959-3-II (Wash. Ct. App. Apr. 7, 2020) (unpublished), http://www.courts.wa.gov/opinions/.

(1) a constitutional error that resulted in actual and substantial prejudice or (2) a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice. *In re Pers. Restraint of Meredith*, 191 Wn.2d 300, 306, 422 P.3d 458 (2018). Establishing "actual and substantial prejudice" means more than merely showing the possibility of prejudice; the petitioner must establish that if the alleged error had not occurred, the outcome more likely than not would have been different. *In re Pers. Restraint of Meippen*, 193 Wn.2d 310, 315-16, 440 P.3d 978 (2019).

## II. RIGHT TO NEW COUNSEL

Wallin argues that he was denied his right to counsel when the trial court denied his request for a new attorney. He alleges there was a complete breakdown in his relationship with Young that necessitated new counsel. Wallin further alleges he need not show prejudice because it is presumed in such situations. We disagree.

### A. Legal Principles

A criminal defendant has a constitutional right to the assistance of counsel under the state and federal constitutions. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. However, an indigent defendant does not have an absolute right to be represented by a lawyer of his or her choosing and must show good cause before the trial court will discharge and substitute counsel. *State v. Varga*, 151 Wn.2d 179, 200, 86 P.3d 139 (2004). Good cause includes a conflict of interest, irreconcilable conflict, or a complete breakdown in communication. *Id.*

While the rights involved in a motion to appoint new counsel are constitutionally based, the validity of a motion to appoint new counsel is reviewed for an abuse of discretion. *In re Pers. Restraint of Stenson*, 142 Wn.2d 710, 723-24, 16 P.3d 1 (2001). To determine whether the trial court abused its discretion in denying a defendant's request to discharge and substitute counsel,

we consider the (1) extent of the alleged conflict, (2) adequacy of the trial court's inquiry, and (3) timeliness of the request. *Id.*

When the request for change of counsel comes during the trial, or on the eve of trial, the court may, in the exercise of its sound discretion, refuse to delay the trial to obtain new counsel and therefore may reject the request. *Id*. at 732.

B.      Analysis

Thirteen days before trial, Wallin asked for a new attorney. He alleged that he and Young did not agree on trial strategy and that Young did not file motions to exclude evidence, have her opening argument prepared, inform him what his sentence would be, advocate more diligently for a plea offer, provide him with discovery materials, or advocate for a lower bail amount. Defense counsel also expressed her frustrations with trying to communicate with Wallin and her concern about adequately representing him. However, Young later declared that they were able to resolve those differences and that "there was never a complete breakdown in communication." Response to PRP Ex. 2 (Declaration of Karrie Young Pratt) at 1

The trial court addressed each of Wallin's concerns. The court ultimately found that it was "not hearing anything that would justify appointment of new counsel." PRP Ex. C (RP (Apr. 25, 2018)) at 8. The court continued, "when attorneys and their clients begin having difficulty communicating and . . . they don't agree upon trial strategies . . . that's not a reason to appoint new counsel." PRP Ex. C (RP (Apr. 25, 2018)) at 8. The court then stated that Young was a competent attorney and there was "no question" in the court's mind that she was doing everything necessary to provide Wallin with effective representation. PRP Ex. C (RP (Apr. 25, 2018)) at 9.

6

Considering the extent of the alleged conflict, adequacy of the trial court's inquiry, and the late timing of Wallin's request, the court did not abuse its discretion in denying Wallin's request for new counsel. Wallin fails to show good cause existed to substitute new counsel.

We hold that Wallin fails to show constitutional error. Without such, we need not address his prejudice argument. *Meredith*, 191 Wn.2d at 306. Accordingly, Wallin is not entitled to relief on this issue.

III.     RIGHT TO SELF-REPRESENTATION

Wallin argues that the trial court violated his constitutional right to self-representation by denying his request to proceed pro se. He alleges his request was timely and unequivocal. Wallin also alleges that the court failed to engage in the proper colloquy with Wallin before denying his request. We disagree.

A.     Legal Principles

Persons accused of crimes have a right to self-representation under both article I, section 22 of the Washington State Constitution and the Sixth Amendment to the United States Constitution. *State v. Madsen*, 168 Wn.2d 496, 503, 229 P.3d 714 (2010). While the rights involved in a motion to proceed pro se are constitutionally based, we review the trial court's decision on a motion for self-representation for an abuse of discretion. *State v. Curry*, 191 Wn.2d 475, 483, 423 P.3d 179 (2018). A trial court abuses its discretion if its decision is manifestly unreasonable or is based on facts unsupported in the record or was reached by applying the wrong legal standard. *Id.* at 483-84. "[E]ven if we disagree with the trial court's ultimate decision, we do not reverse that decision unless it falls outside the range of acceptable choices." *Id.* at 484. The trial court is in a superior position to evaluate a defendant's request. *Id.* at 484-85.

Once a defendant requests to represent himself or herself, the trial court must make an initial determination as to whether the request is both timely and unequivocal. *Madsen*, 168 Wn.2d at 504. Whether a request for self-representation is timely, and the extent of the trial court's discretion in considering such a request, is determined on a continuum. *Id*. at 508. If it is made as the trial or hearing is about to commence, or shortly before, we turn to the facts of the particular case "'with a measure of discretion reposing in the trial court on the matter.'" *Id*. (quoting *State v. Barker*, 75 Wn. App. 236, 241, 881 P.2d 1051 (1994))

A request is unequivocal if the defendant "'make[s] an explicit choice between exercising the right to counsel and the right to self-representation so that a court may be reasonably certain that the defendant wishes to represent himself.'" *Curry*, 191 Wn.2d at 490 (quoting *United States v. Arlt*, 41 F.3d 516, 519 (9th Cir. 1994)). To determine whether the request was unequivocal, the court examines the nature of the request itself, which includes considering "whether the request was made as an alternative to other, preferable options and whether the defendant's subsequent actions indicate the request was unequivocal." *Curry*, 191 Wn.2d at 489. For example, a request for self-representation coupled with an alternative request for new counsel may indicate to the trial court that the request for self-representation was not unequivocal. *Id*.

If a request to proceed pro se is timely and unequivocal then the next step is to determine whether the request was knowing, voluntary, and intelligent. *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975); *State v. Burns*, 193 Wn.2d 190, 203, 438 P.3d 1183 (2019).

B.    Analysis

Here, 13 days before trial, Wallin asked to represent himself. His request came after the trial court denied his request for the appointment of new counsel. The court inquired whether

8

Wallin could be ready for trial on the scheduled trial date. Wallin responded no. But stated "I've not signed my speedy trial rights or anything yet." PRP Ex. C (RP (Apr. 25, 2018)) at 11. The court informed Wallin that defense counsel would be a better option than Wallin acting pro se, Wallin replied that he actually was going to try and "get appointed a different attorney." PRP Ex. C (RP (Apr. 25, 2018)) at 12.

The trial court advised Wallin that if he was convicted he was facing "15 or 20 years in prison" and then asked "you're telling me that . . . you think you want to represent yourself with . . . the stakes being that high? Are you sure that's what you want to do?" PRP Ex. C (RP (Apr. 25, 2018)) at 15. Wallin responded, "If that's going to get me some more time to buy a private attorney." PRP Ex. C (RP (Apr. 25, 2018)) at 15. The court then denied his request to proceed pro se, finding it was "delay tactic so [Wallin could] try to scrape up money to hire a lawyer." PRP Ex. C (RP (Apr. 25, 2018)) at 15. The court then inquired twice if Wallin wanted to continue to discuss proceeding pro se. Both times, Wallin told the court no.

Based on the above, Wallin's request for counsel was equivocal. He admitted he was actually trying to buy time to find a new attorney. And when the trial court questioned him further, he appeared to withdraw his request.

Relying on *State v. Hampton*, 184 Wn.2d 656, 361 P.3d 734 (2015), Wallin contends there were several additional factors that the trial court was required to consider. *Hampton* involved a defendant who hired a new attorney on the day of trial and requested a continuance to give new counsel time to prepare. *Id*. at 660-61. The trial court denied the request. *Id*. at 661. The issue on appeal was whether the trial court erred in denying Hampton's motion for a continuance. *Id*. at 662. The Supreme Court set forth several factors that the trial court failed to consider in denying the motion for a continuance. *Id*. at 662-63. Wallin appears to argue that these same factors should

9

have been considered by the trial court. But the facts of this case are distinguished from the facts in *Hampton*–Hampton actually hired a new attorney and the issue was whether the trial court erred in denying counsel's motion for a continuance. Therefore, we conclude Wallin's argument is unpersuasive.

Because Wallin's request to proceed pro se was equivocal, we need not address whether the request was knowing, voluntary, and intelligent. *Faretta*, 422 U.S. at 835; *Burns*, 193 Wn.2d at 203. The trial court did not abuse its discretion in denying Wallin's motion to proceed pro se.

We hold that Wallin fails to show constitutional error. Without such, we need not address whether there was actual and substantial prejudice. *Meredith*, 191 Wn.2d at 306. Accordingly, Wallin is not entitled to relief on this issue.

IV.     RIGHT TO EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Wallin contends that he was denied effective assistance of appellate counsel because counsel did not raise the issues he raises in his PRP.

To succeed on an ineffective assistance of appellate counsel claim, a petitioner bears the burden to show that (1) his appellate counsel's performance was deficient and (2) the deficient performance prejudiced the petitioner. *In re Pers. Restraint of Salinas*, 189 Wn.2d 747, 759, 408 P.3d 344 (2018). The petitioner also must show that the legal issue that the appellate counsel did not raise had merit and that he or she actually was prejudiced. *Id*. at 760. The failure to raise all possible nonfrivolous issues on appeal does not constitute ineffective assistance of appellate counsel. *Meredith*, 191 Wn.2d at 312.

10

As discussed above, Wallin fails to show that his constitutional challenges to the trial court's denial of his request for new counsel or to proceed pro se have merit.[3] As a result, Wallin cannot show that his appellate counsel was deficient in not making the challenges or that the result would have been any different in his appeal if his appellate counsel had asserted the same grounds raised here. Therefore, we reject Wallin's argument.

CONCLUSION

We hold that Wallin fails to show any grounds for relief from personal restraint. Accordingly, we deny his petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Maxa, J.

_____
Cruser, A.C.J.

---

[3] Notably, there are clear strategic reasons why a first level appellate lawyer might not raise ineffective assistance of counsel on direct appeal, particularly where the claim would rely on evidence not in the appellate record.